UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Raymond W. Cahoon, Jr. et al<br>Plaintiffs | : | |
| v. | : | C.A. #: 07-008S |
| Oscar Shelton, et al<br>Defendants | : | |

**PLAINTIFFS' PRETRIAL CONFERENCE STATEMENT**

Plaintiffs hereby submit their Pre-Trial Conference Statement in accordance with this Court's Notice of February 15, 2007.

**SUMMARY OF CLAIMS AND ELEMENTS**

Each of the Plaintiffs are former City of Warwick (the "City") police officers and firefighters who have retired with a disability pension because of an on the job injury and have been receiving monthly pension payments in accordance with City Ordinances and the approval of the Warwick Board of Public Safety (the "Board"). During their employment with the City, Plaintiffs, retired with a disability pension, had 100% of the medical bills for their on the job injuries paid for by the City pursuant to R.I. Gen. Laws § 45-19-1, also known as the "Injured on Duty" or "IOD" statute.

By letter dated December 11, 2003, Defendant Oscar Shelton, personnel director for the City, notified all retired disabled City police officers and firefighters, including Plaintiffs, that effective January 1, 2004, the long-standing policy and practice of paying 100% of all medical bills for on the job injuries would be terminated. This new policy, which was put into effect by the City and/or the other Defendants without notice or an opportunity for a hearing before the Board, was ratified by Defendants who, inter alia, failed to object. Because of the new policy, for Plaintiffs, retired on a disability pension, any part of a medical bill not covered by Blue Cross or Medicare has not been paid at all and those parts covered by Blue Cross or Medicare are now subject to all co-pays, deductibles and other limitations and restrictions imposed by Blue Cross or Medicare.

I. Count I - Declaratory Judgment - R.I. Gen. Laws § 45-19-1

II. Count II - Declaratory Judgment - City Charter and Ordinances

Under both state and federal law, a Court has the power to construe statutes, ordinances and contractual agreements to determine the rights between the parties. R.I. Gen. Laws § 9-30-1 *et seq.*; 28 U.S. C § 2201. The federal Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201.

Plaintiffs request this Court to determine that based upon R.I. Gen. Laws § 45-19-1 and the City of Warwick Charter and Ordinances, the Defendants must continue payment of all medical expenses to Plaintiffs for on the job injuries after disability retirement and that the Defendants did not possess the authority to terminate 100% payment of medical expenses for on the job injuries post retirement.

III. Count III- Estoppel

The doctrine of equitable estoppel may be invoked where the reliance by one party on a statement or promise of another renders it unjust for the other party to change its position on an issue. The factual considerations include the extent of reliance upon the agency's action or inaction, whether such reliance was reasonable or justified, and the authority of the agents involved and the public interest. *Greenwich Bay Yacht Basin Associates v. Brown*, 537 A.2d 988 (R.I. 1988). A municipality may, when acting within its authority, be estopped from denying that its acts induced detrimental reliance. *Ferrelli v. Department of Employment Security*, 106 R.I. 588, 594, 261 A.2d 906, 910 (1970). In order to successfully invoke this theory, a plaintiff must be able to prove that the circumstances are so unjust as to require the application of equitable estoppel. *See Town of Glocester v. Olivio's Mobile Home Court, Inc.*, 300 A.2d 465 (R.I. 1973); *Rotella v. McGovern*, 288 A.2d 258 (R.I. 1972) (city estopped from raising as a

defense to action conduct of which it had constructive knowledge and made no protest for 11 years).

In this case, the actions, conduct, communications and correspondence of the City and the various Defendants, constituted a promise by the City to pay for the Plaintiffs 100% of the medical expenses incurred as a result of on the job injuries post retirement, which policy and practice continued for decades and was in place when each of the Plaintiffs retired on disability pension. Plaintiffs actually and reasonably relied upon said statements and promises to their detriment such that, among other things, they did not plan for alternative resources for medical coverage for their on the job injuries or seek alternative employment. Based on these equitable circumstances, Defendants should be estopped from denying 100% medical coverage to the Plaintiffs for their on the job injuries post retirement.

IV. <u>Count IV - Civil Rights Violation 42 U.S.C. § 1983</u>

42 U.S.C. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof, to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The federal civil rights act, 42 U.S.C. § 1983, provides a remedy for the deprivation of constitutional rights when that deprivation takes place under color of any statute, ordinance, regulation, custom or usage of a state. An actionable Section 1983 claim must allege facts sufficient to support a determination that (1) the conduct complained of has been committed by a person acting under "color of state law" and (2) that the alleged conduct worked a denial of rights secured by the Constitution or laws of the United States. *Rumford Pharmacy v. City of East Providence*, 970 F.2d 996, 999 (1st Cir. 1992). In this context, the revocation of pension rights in violation of City ordinances constitutes a violation of substantive and procedural due process rights. *Ginaitt v. Haronian*, 806 F.Supp. 311 (D.R.I. 1992). Moreover, the City is liable

under § 1983 where, as here, the injuries were inflicted pursuant to government policy or custom, inasmuch as the constitutional violations were approved by the official or officials responsible for establishing the policy at issue. *Id* at 320.

Plaintiff
By their Attorneys,

/s/ William M. Kolb
William M. Kolb, #3664
Law Offices of William M. Kolb, LLC
One Ship Street
Providence, RI 02903
401-490-8297
401-490-8299 (fax)

/s/ Christine M. Curley
Christine M. Curley #4529
275 Beacon Drive
North Kingstown, RI 02852
(401) 294-0847
(401) 294-0849 (fax)

**CERTIFICATION**

I hereby certify that the foregoing Pretrial Conference Statement was filed electronically with the United States District Court for the District of Rhode Island and is available for viewing and downloading from the Electronic Case Filing system. The following attorney received service by electronic means on this 8th day of March 2007:

Marc DeSisto, Esq.
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
marc@desistolaw.com

John G. Earle, Esq.
BRESLIN, SWEENEY & EARLE, LLP
222 Jefferson Boulevard, Suite 300
Warwick, RI 02888
jearle@bselaw.com

/s/ William M. Kolb