# EXHIBIT C

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

KENT, Sc. SUPERIOR COURT

ALBERT HAGGENBERG

VS. KC/04-0044

SCOTT AVEDISIAN

HEARD BEFORE

THE HONORABLE JUSTICE PFEIFFER

JUNE 4, 2004

APPEARANCES:

ERIC H. MILLER, ESQ. FOR THE PLAINTIFF

DIANA E. PEARSON, ESQ. FOR THE DEFENDANT

# CERTIFICATION

I, Robbin A. Lapati, hereby certify that the succeeding pages, 1 through 6 inclusive, are a true and accurate transcript of my stenographic notes.

Robbin A. Lapati
COURT REPORTER

JUNE 4, 2004

MORNING SESSION

THE COURT: Haggenberg v. Avedisian. Counsel of record are present. What I will do, counsel, is I am simply going to proceed to decide the case. And with this decision I will then either conduct a chambers or bench conference with counsel in light of my decision to see where we go from here as it relates to this motion or to subsequent pleadings that may arise so you can have a seat.

This matter was tried to the Court on a stipulated set of facts duly submitted by the parties. See agreed statement of facts and attached exhibits, hereinafter referred to as stipulated facts. The matter is here on plaintiff's, Mr. Haggenberg's, complaint alleging that as a disabled retiree he is entitled to have the Court order the City of Warwick to pay a hundred percent of all medical bills incurred for job injury treatment, post retirement, in addition to benefits established under the City's pension plan. The complaint is brought by Mr. Haggenberg individually and as the president of the Warwick Retired Police and Fire Association, Inc. The complaint contains three counts. Count 1 seeking declaratory relief under R.I.G.L. 45-19-1 et Seq., Count 2 seeking injunctive relief to bar defendant from

terminating certain benefits now being extended to him individually and to members of the association. And Count 3 seeking a writ of mandamus to compel the defendants to continue paying said benefits. That notwithstanding, as briefed by both parties the plaintiff additionally seeks to have continued to be paid said benefits under a theory of promissory estoppel. In that the parties have both chosen to brief said theory in the context of stipulated facts, the Court sua sponte conforms the pleadings to the stipulated record and will decide the additional cause of action. The Court does this pursuant to Rule of Civil Procedure 15 in that the parties have consented to the trial of such issue as indicated in pretrial conferences in which that theory was advanced and their briefing of the same on the basis of the stipulated record.

Turning first to the declaratory relief sought by plaintiff. Said count fails as a matter of law. The plaintiff's position is misplaced given a number of cases decided by the Rhode Island Supreme Court, including without limitation **Elliot v. Town of Warren**, 2003 WL 834552 RI 2003. The matter herein is yet another case in which a municipality is not obligated to provide benefits pursuant to provisions of 45-19-1 when

that municipality has adopted a pension system that makes its own provision for such benefits. While it is clearly true, as is noted in the stipulated facts, that the City provided for many years the more generous benefits called for under the statute under the mistaken belief that the statute obligated it to do so, that practice does not allow this Court to declare such rights when (1) the statute does not confer such benefits in light of the pension plan adopted by the City and (2) the Supreme Court of this state has recognized that no such right would exist as claimed here when a municipality has adopted its own plan. If in fact the plaintiff has any right to the injunctive relief that he seeks, it would arise under the theory of promissory estoppel. In that regard the defendants in their brief correctly cite the requisite elements that must be proven for such a cause of action to succeed. Turning to promissory estoppel as defined in the Restatement of Contracts, specifically 1 Restatement, Contracts, Section 90 page 110, it is defined as follows: A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of its

promise. It may arise in circumstances where one promises to do something in the future, the promisor reasonably expects to induce forbearance by the promisee and the promise in fact produces forbearance by the promisee. See **East Providence Credit Union v. Geremia**, 239 A.2d 725, 731 (RI 1968). The plaintiff must establish the existence of a clear and unambiguous promise, defendant's reasonable expectation of reliance, plaintiff's actual reliance, and the equitable considerations that necessitate the same. **BML Corp. v. Greater Providence Deposit Corporation**, 495 A.2d 675 RI 1985.

If the plaintiff is to succeed on that theory, each of those elements must be proven, namely clear and unambiguous promise by the defendants to plaintiff, reasonableness as to the defendant to expect plaintiff to rely thereon, actual reliance and equitable considerations requiring the use of such doctrine. In this case those elements must be found to have been proven on the basis of the stipulated fact. In that regard, the salient facts contained therein which relate to said theory can be found in paragraphs 10 and 12. These paragraphs establish that plaintiff Haggenberg individually retired on a disability pension and at the time of the said retirement he was informed that all his

medical benefits would be paid in full post retirement. A reasonable inference to be drawn by this fact finder is that if Haggenberg had not been given that assurance, he would have chosen to challenge such determination or his disability status more generally, or would have acted to obtain supplemental benefits privately that may have been required, absent any countervailing facts that might warrant a different inference of which there are none in the stipulated facts. Thus, the evidence clearly preponderates in Mr. Haggenberg's favor that he was promised extended benefits, that the defendant should have reasonably known that he would rely on said promise, that he did in fact rely on said promise to his detriment and that promissory estoppel is appropriately invoked to avoid the obvious injustice that would result if the promise were not enforced. The remaining stipulated facts as they relate to approximately 161 persons in the association who are retired on a disability are equivocal, that is to say that such facts only state that "some" were given such assurances. For any such member of the association to recover under a theory of promissory estoppel, there must be proof as to that individual as opposed to what may have happened to an unnamed "some". And the stipulated facts offer no insight as to any of the other individual members, only

Mr. Haggenberg himself.

Accordingly, Mr. Haggenberg individually prevails on the theory of promissory estoppel. The defendants are permanently enjoined from altering the benefits they previously extended to him pursuant to that promise. Haggenberg and the association are denied the declaratory and injunctive relief they seek as to construing the requirements of R.I.G.L. 45-19-1. The other members of the association can pursue individually any promissory estoppel claims they may have in separate causes of action. Any injunctive remedies to which they may be entitled, either preliminarily or permanently, if sought, can only be evaluated in the context of such separate cause of action in that the denominated parties to this action and the stipulated facts presented herein do not frame the issue for resolution. The interlocutory injunctive relief previously extended by this Court is vacated. The count sounding in mandamus is denied. Without offering a detailed explanation, it is sufficient to note that mandamus as a remedial measure has no application to either the statutory or contractual claims that are raised in this case. Counsel shall prepare a form of judgment consistent with this decision.

**********