# EXHIBIT E

**LAW OFFICES OF WILLIAM M. KOLB, LLC**
1 SHIP STREET
PROVIDENCE, RI 02903
P: 401-490-8297 F: 401-490-8299
WWW.KOLBLAW.COM
E-MAIL: BILL@KOLBLAW.COM

April 17, 2006

William M. Kolb, ESQ.
ADMITTED TO PRACTICE
RHODE ISLAND
MASSACHUSETTS

Warwick City Council
Clerk's Office
3275 Post Road
Warwick, Rhode Island 02886

Re: Loss of Disability Retirement Benefits

Dear Ladies and Gentlemen:

This letter is being sent to you pursuant to R.I.G.L. §45-15-5 which requires presentment to the City Council before commencement of a law suit.

It is being sent to you on behalf of several former Warwick police and fire fighters retired with a disability pension who have been denied certain retirement benefits in violation of both State and municipal law.

The benefits in question were given by the City of Warwick (the "City") pursuant to R.I.G.L. §45-19-1, the so called "Injured on Duty Statute" which states, in pertinent part,

> § 45-19-1. Salary payment during line of duty illness or injury
>
> (a) Whenever any police officer, fire fighter, crash rescue crewperson, fire marshal, chief deputy fire marshal, or deputy fire marshal of any city, town, fire district, or the state of Rhode Island is wholly or partially incapacitated by reason of injuries received or sickness contracted in the performance of his or her duties, the respective city, town, or fire district, or state of Rhode Island by which the police officer, fire fighter, crash rescue crewperson, fire marshal, chief deputy fire marshal, or deputy fire marshal, is employed, shall, during the period of the incapacity, pay the police officer, fire fighter, crash rescue crewperson, fire marshal, chief deputy fire marshal, or deputy fire marshal, the salary or wage and benefits to which the police officer, fire fighter, crash rescue crewperson, fire marshal, chief deputy fire marshal, or deputy fire marshal would be entitled had he or she not been incapacitated, and shall pay the medical,

True Copy Attest
Office ... Superior Court
County of Kent
Warwick, Rhode Island

> surgical, dental, optical, or other attendance, or treatment, nurses, and hospital services, medicines, crutches, and apparatus for the necessary period, except that if any city, town, fire district, or the state of Rhode Island provides the police officer, fire fighter, crash rescue crewperson, fire marshal, chief deputy fire marshal, or deputy fire marshal, with insurance coverage for the related treatment, services, or equipment, then the city, town, fire district, or the state of Rhode Island is only obligated to pay the difference between the maximum amount allowable under the insurance coverage and the actual cost of the treatment, service, or equipment. In addition, the cities, towns, fire districts, or the state of Rhode Island shall pay all similar expenses incurred by a member who has been placed on a disability pension and suffers a recurrence of the injury or illness that dictated his or her disability retirement.

Id. (Emphasis added.)

Pursuant to this statute, for at least forty years or more prior to January 1, 2004, the City of Warwick paid one hundred per cent, both pre and post retirement, of all medical bills for all police and firefighters retired with a disability pension for their on the job injuries.

On or about December 11, 2003, this practice changed when Oscar Shelton ("Shelton"), the Personnel Director for the City of Warwick, wrote a letter to all retired Warwick police and firefighters informing them, effective January 1, 2004, that all medical bills and prescription drug expenses for on the job injuries would have to be submitted through each individual's normal health insurance plan and would be subject to deductibles and co-pays and other restrictions and limitations of those plans. In other words, the City would no longer pay one hundred per cent for medical bills for on the job injuries post retirement. A copy of the letter is attached hereto as Exhibit A.

As legal precedent for this action, Shelton relied upon a Rhode Island Supreme Court decision entitled Elliott v. Town of Warren, 818 A. 2d 652 (2003). A copy of the case is attached hereto as Exhibit B.

This action resulted in a law suit brought by Albert Hagenberg and the Warwick Retired Police and Firefighters Association. In 2005, a written decision was issued by the Rhode Island Supreme Court in which it found that, due to a promise in writing made by the Warwick Board of Public Safety (the "Board") to Hagenberg, Hagenberg was entitled to have all of his medical bills for his on the job injury paid one hundred per cent pursuant to RIGL§45-19-1 post retirement. See Hagenberg v. Avedisian, [illegible] (2005) a copy of which is attached hereto as Exhibit C.

True Copy Attest

Offic... Superior Court
County of ...
Warwick, Rhode Island

This case unfortunately only dealt with Hagenberg's situation. It did not address this issue with respect to the rest of the retired, disabled police and firefighters who have been affected by the policy contained in Shelton's letter.

With respect to these other retired police and firefighters, Shelton's action was illegal and must be rescinded for the following reasons.

First, as was clearly stated by the Rhode Island Supreme Court in Hagenberg, the only branch of government in the City which has the authority to deal with retirement issues with respect to police and firefighters is the Board. Shelton, at the time he wrote his letter, was not a member of the Board. Therefore, any action taken by Shelton with respect to pension and retirement benefits for police and firefighters was illegal. It is my understanding that, recently, Hagenberg was relied upon in a binding arbitration brought by the Warwick firefighters union in which it was held that the policy espoused in Shelton's letter must be rescinded by the City immediately from the date of issuance for precisely this reason, i.e., Shelton never had the authority to do what he did.

Second, RIGL §45-19-1 clearly states that, post retirement, the City must pay one hundred per cent of all expenses for the recurrence of an on the job injury or illness. Therefore, to the extent that, as a result of Shelton's letter, medical bills for recurrences post retirement are not being paid in full, the City is engaged in an illegal activity which must be stopped.

Third, RIGL §45-19-1 states that, when an on the job injury occurs, the City is required to pay one hundred per cent of all medical bills "for the necessary period." This language, to date, has not been interpreted by the Rhode Island Supreme Court. However, it would be anomalous to have recurrences covered but not chronic, persistent conditions, or medical bills for medications or treatments which prevent recurrences. Therefore, to the extent that the General Assembly intended, by the inclusion of these words, to have all medical bills paid for by the municipality for the entire duration of the illness or injury, even if it persists post retirement, the City is engaged in an illegal activity which must be stopped.

Fourth, whether or not it was required to do so, the City has given this benefit to its public safety personnel for over forty years. Perhaps, in the future, prospectively, the City can stop paying this benefit. However, for those retired disabled police and firefighters who were both hired and retired with this benefit as part of the retirement package, the City can not unilaterally withdraw this benefit, especially without notice and a chance for a hearing. This action, too, is illegal and must be stopped.

True Copy Attest

Fifth, Elliott v Town of Warren deals with an entirely different situation than the one involved here. In that law suit, the plaintiff was trying to obtain additional benefits to

Office ... Superior Court
County of Kent
Warwick, Rhode Island

which he was not entitled. This case is entirely different. In this situation, the retired disabled police and firefighters affected by Shelton's letter are trying to hold on to a benefit which they have received for over forty years. Thus, to the extent that Elliott v Town of Warren does not give the City the legal authority to do what it is doing, it is engaged in an illegal activity which must be stopped.

Therefore, in order to avoid another law suit against the City and/or against certain individuals employed by the City, the retired, disabled police and firefighters currently affected by Shelton's letter respectfully request the following relief forthwith:

1. That the policy espoused in Shelton's letter be stopped.

2. That all benefits for on the job injuries not paid as a result of Shelton's letter be paid retroactively.

3. That all benefits for on the job injuries be paid in full prospectively until such time as this matter is resolved.

4. That this matter be forwarded to the Board for a full hearing with notice to all persons affected.

5. That the City adopt a policy in full compliance with State and municipal law with respect to this issue.

If I do not hear from you within forty days with respect to this issue, I will assume that you are not interested in resolving this matter amicably and will proceed accordingly.

Thank you for your attention to the above.

Very truly yours,

William M. Kolb

Enclosure

cc: Diana Pearson, Esq. (w/ enc.)
The Board of Public Safety (w/enc.)
Albert Hagenberg (w/o enc.)

True Copy Attest

Office ... Superior Court
County of Kent
Warwick, Rhode Island