# EXHIBIT H

2 Amended Complaint

STATE OF RHODE ISLAND
KENT, SC

SUPERIOR COURT

RAYMOND W. CAHOON, JR., JOSEPH A NAPPA, LUCIO MONTELLA, JR., MICHAEL KRACZKOWSKI, THOMAS P. CONROY, JR., KEVIN J. LOISELLE, ALLEN C. SIMPKINS, ANN FERLA MASTRONARDI, PAUL KANE, SR., CAROLYN THATCHER, IN HER CAPACITY AS THE ADMINISTRATRIX OF THE ESTATE OF NORMAN THATCHER, ROBERT R. LATHAM, JR., STEVEN S. ALBRO, DONALD SCOTT, CHARLES T. ROSS, ROLAND CREVIER, DENNIS PATRICK DONAHUE, DEAN SWANSON, PAUL E. AUBIN, WILLIAM I. BROOKE, RAYMOND W. CAHOON, SR., JAMES GORDON, HARRY BRANCH, JOSEPH WERBINSKI, THOMAS C. THOMPSON, RICHARD A. LABRIE, JOHN ROSE, LAWRENCE R. COLE, JOHN CAMPION, RONALD G. ANDERSON, ALFRED MATTERA, CAROL SWEETMAN, JOSEPH M. ROZZERO, TODD LEE, ROBERT W. LAVALLEY, DONALD SJOGREN, EUGENE PERRON, JAMES T. WARRENER, JR., RONALD ALLARD, JOSEPH POPPA and DAVID MCPHAIL,

*Plaintiffs*

v.

C.A. No. KC06-1146

OSCAR SHELTON, individually and in his official capacity as the Director of Personnel for the City of Warwick, SCOTT AVEDISIAN, individually and in his official capacity as Mayor of the City of Warwick, DIANA PEARSON, individually and in her official capacity as Assistant Solicitor for the City of Warwick, DAVID C. OLSEN, in his official capacity as the Treasurer of the City of Warwick, THE CITY OF WARWICK, the WARWICK BOARD OF PUBLIC SAFETY, LESLIE WALESKA BAXTER, individually and in her official capacity as Chairwoman of the Warwick Board of Public Safety, MARSHALL MARTIN, individually and in his official capacity as a member of the Warwick Board of Public Safety, JOSEPH SPINALE, individually and in his official capacity as a member of the Warwick Board of Public Safety and MICHAEL RYAN, individually and in his official capacity as former Chairman of the Warwick Board of Public Safety, and various JOHN DOES and JANE DOES,

*Defendants.*

**SECOND AMENDED COMPLAINT**

Now come Plaintiffs and bring their Second Amended Complaint against Defendants and state as follows:

**Parties and Jurisdiction**

1. Plaintiff Raymond A Cahoon, Jr. is a resident of the State of Rhode Island and is a former Warwick Police Officer retired on a disability pension because of an on the job injury.

2. Plaintiff Joseph A. Nappa is a resident of the State of Rhode Island and is a former Warwick Police Officer retired on a disability pension because of an on the job injury.

3. Plaintiff Lucio Montella, Jr. is a resident of the State of Florida and is a former Warwick Police Officer retired on a disability pension because of an on the job injury.

4. Plaintiff Michael Kraczkowski is a resident of the State of Rhode Island and is a former Warwick Police Officer retired on a disability pension because of an on the job injury.

5. Plaintiff Thomas P. Conroy, Jr. is a resident of the State of Florida and is a former Warwick Police Officer retired on a disability pension because of an on the job injury.

6. Plaintiff Kevin J. Loiselle is a resident of the State of Florida and is a former Warwick Police Officer retired on a disability pension because of an on the job injury.

7. Plaintiff Allen C. Simpkins is a resident of the State of Rhode Island and is a former Warwick Police Officer retired on a disability pension because of an on the job injury.

8. Plaintiff Ann Ferla Mastronardi is a resident of the State of Rhode Island and is a former Warwick Police Officer retired on a disability pension because of an on the job injury.

9. Plaintiff Paul Kane, Sr. is a resident of the State of Florida and is a former Warwick Police Officer retired on a disability pension because of an on the job injury.

10. Plaintiff Carolyn Thatcher, in her capacity as the Administratrix of the Estate of Norman Thatcher, is a resident of the State of Rhode Island. Her husband, Norman Thatcher, was a former Warwick Police Officer retired on a disability pension because of an on the job injury.

11. Plaintiff Robert R. Latham, Jr. is a resident of the State of Rhode Island and is a former Warwick Police Officer retired on a disability pension because of an on the job injury.

12. Plaintiff Steven S. Albro is a resident of the State of New Hampshire and is a former Warwick Police Officer retired on a disability pension because of an on the job injury.

13. Plaintiff Donald Scott is a resident of the State of Arizona and is a former Warwick Police Officer retired on a disability pension because of an on the job injury.

14. Plaintiff Charles T. Ross is a resident of the State of Rhode Island and is a former Warwick Firefighter retired on a disability pension because of an on the job injury.

15. Plaintiff Roland Crevier is a resident of the State of Rhode Island and is a former Warwick Firefighter retired on a disability pension because of an on the job injury.

16. Plaintiff Dennis Patrick Donahue is a resident of the State of Florida and is a former Warwick Police Officer retired on a disability pension because of an on the job injury.

17. Plaintiff Dean Swanson is a resident of the State of Rhode Island and is a former Warwick Police Officer retired on a disability pension because of an on the job injury.

18. Plaintiff Paul E. Aubin is a resident of the State of Rhode Island and is a former Warwick Firefighter retired on a disability pension because of an on the job injury.

19. Plaintiff William I. Brooke is a resident of the State of Florida and is a former Warwick Firefighter retired on a disability pension because of an on the job injury.

20. Plaintiff Raymond W. Cahoon, Sr. is a resident of the State of Rhode Island and is a former Warwick Firefighter retired on a disability pension because of an on the job injury.

21. Plaintiff James Gordon is a resident of the State of Rhode Island and is a former Warwick Firefighter retired on a disability pension because of an on the job injury.

22. Plaintiff Harry Branch is a resident of the State of Rhode Island and is a former Warwick Firefighter retired on a disability pension because of an on the job injury.

23. Plaintiff Joseph Werbinski is a resident of the State of Rhode Island and is a former Warwick Firefighter retired on a disability pension because of an on the job injury.

24. Plaintiff Thomas C. Thompson is a resident of the State of Rhode Island and is a former Warwick Firefighter retired on a disability pension because of an on the job injury.

25. Plaintiff Richard A. Labrie is a resident of the State of Rhode Island and is a former Warwick Firefighter retired on a disability pension because of an on the job injury.

26. Plaintiff John Rose is a resident of the State of Rhode Island and is a former Warwick Firefighter retired on a disability pension because of an on the job injury.

27. Plaintiff Lawrence R. Cole is a resident of the State of Rhode Island and is a former Warwick Firefighter retired on a disability pension because of an on the job injury.

28. Plaintiff John Campion is a resident of the State of Rhode Island and is a former Warwick Firefighter retired on a disability pension because of an on the job injury.

29. Plaintiff Ronald G. Anderson is a resident of the State of Rhode Island and is a former Warwick Firefighter retired on a disability pension because of an on the job injury.

30. Plaintiff Alfred Mattera is a resident of the State of Rhode Island and is a former Warwick Firefighter retired on a disability pension because of an on the job injury.

31. Plaintiff Carol Sweetman is a resident of the State of Rhode Island and is a former Warwick Police Officer retired on a disability pension because of an on the job injury.

32. Plaintiff Joseph M. Rozzero is a resident of the State of Florida and is a former Warwick Firefighter retired on a disability pension because of an on the job injury.

33. Plaintiff Todd Lee is a resident of the State of Rhode Island and is a former Warwick Firefighter retired on a disability pension because of an on the job injury.

34. Plaintiff Robert W. Lavalley is a resident of the State of Florida and is a former Warwick Firefighter retired on a disability pension because of an on the job injury.

35. Plaintiff Donald Sjogren is a resident of the State of Rhode Island and is a former Warwick Firefighter retired on a disability pension because of an on the job injury.

36. Plaintiff Eugene Perron is a resident of the State of Rhode Island and is a former Warwick Police Officer retired on a disability pension because of an on the job injury.

37. Plaintiff James T. Warrener, Jr. is a resident of the State of Rhode Island and is a former Warwick Firefighter retired on a disability pension because of an on the job injury.

38. Plaintiff Ronald Allard is a resident of the State of Connecticut and is a former Warwick Police Officer retired on a disability pension because of an on the job injury.

39. Plaintiff Joseph Poppa is a resident of the State of Rhode Island and is a former Warwick Firefighter retired on a disability pension because of an on the job injury.

New

40. Plaintiff David McPhail is a resident of the State of Rhode Island and is a former Warwick Firefighter retired on a disability pension because of an on the job injury.

41. Upon information and belief, Defendant Oscar Shelton is a resident of the State of Rhode Island and is being sued in his individual capacity and in his official capacity as the Personnel Director for the City of Warwick.

42. Upon information and belief, Defendant Scott Avedisian is a resident of the State of Rhode Island and is being sued in his individual capacity and in his official capacity as the Mayor for the City of Warwick.

43. Upon information and belief, Defendant Diana Pearson is a resident of the State of Rhode Island and is being sued in her individual capacity and in her official capacity as the Assistant Solicitor for the City of Warwick.

44. Upon information and belief, Defendant David Olsen is a resident of the State of Rhode Island and is being sued in his official capacity as the Treasurer for the City of Warwick.

45. The Defendant City of Warwick (the "City") is one of the thirty nine (39) cities and towns of the State of Rhode Island and is a political subdivision of the State.

46. Defendant Warwick Board of Public Safety (the "Board") is a municipal board of the City of Warwick, organized and existing pursuant to the municipal ordinances of the City, one of whose purposes is to deal with issues relating to pension and medical benefits of retired police officers and firefighters of the City.

47. Upon information and belief, Defendant Leslie Waleska Baxter is a resident of the State of Rhode Island and is being sued individually and in her official capacity as the Chairwoman of the Warwick Board of Public Safety.

48. Upon information and belief, Defendant Marshall Martin is a resident of the State of Rhode Island and is being sued individually and in his official capacity as a member of the Warwick Board of Public Safety.

49. Upon information and belief, Defendant Joseph Spinale is a resident of the State of Rhode Island and is being sued individually and in his official capacity as a member of the Warwick Board of Public Safety.

50. Upon information and belief, Defendant Michael Ryan is a resident of the State of Rhode Island and is being sued individually and in his official capacity as the former Chairman of the Warwick Board of Public Safety.

51. Various John Does and Jane Does are individuals who have not yet been identified who may, as a result of discovery, be added as defendants at a later time in both their individual and official capacities.

52. This Court has jurisdiction pursuant to R. I. Gen. Laws §§ 8-2-1 et seq. and 9-30-1 et seq.

**Facts**

A 53. Each of the Plaintiffs are former City police officers and firefighters who have retired with a disability pension from the City because of an on the job injury and have been receiving monthly pension payments based upon a percentage of the pay they received while employed by the City in accordance with City Ordinances and the approval of the Board.

NR 54. Many, if not all, of the Plaintiffs who retired on a disability pension live on a fixed income and cannot work because of the injury they sustained while on the job as a police officer or firefighter.

D 55. During their employment with the City, Plaintiffs retired with a disability pension had 100% of the medical bills for their on the job injuries paid for by the City pursuant to R.I. Gen. Laws § 45-19-1, also known as the "Injured on Duty" or "IOD" statute.

NR 56. The procedure for having these medical bills paid by the City was to first submit them to Blue Cross/Blue Shield of Rhode Island ("Blue Cross"), the City's health insurance provider, for payment and whichever portion was not paid for by Blue Cross was paid in full by the City.

NR 57. When Plaintiffs retired from their employment with the City on disability pension, they continued to have 100% of the medical bills for their on the job injuries paid in full by the City pursuant to the procedure outlined in the forgoing paragraph.

D 58. The full payment of medical expenses by the City for on the job injuries to former police officers and firefighters receiving disability pension has continued for over thirty (30) years.

D 59. When Plaintiffs retired from their employment with the City on disability pension, they were informed by the City and/or the other Defendants that 100% of the medical expenses for their on the job injuries would be paid for by the City.

NR 60. In addition, some of the Plaintiffs who retired on disability pension were given a special Blue Cross card to be used strictly for on the job injuries. Those cards have been subsequently canceled.

NR 61. By letter dated December 11, 2003, Defendant Oscar Shelton ("Shelton") notified all retired City police officers and firefighters, including Plaintiffs, that effective January 1, 2004, the long-standing policy and practice of paying 100% of all medical bills for on the job injuries would be terminated (the "Letter"). A true and accurate copy of said Letter is attached to the original Complaint as *Exhibit A*.

H 62. Shelton also stated in said Letter that all medical bills for on the job injuries incurred before January 1, 2004 would be paid if submitted to the City on or before February 29, 2004.

63. This new policy was put into effect by the City and/or the other Defendants without notice or an opportunity for a hearing before the Board or any other board or committee which is a part of the municipal government of the City.

64. Defendant Diana Pearson ratified and failed to object to Shelton's Letter, despite the fact that the City policy was changed without notice or hearing before the Board.

65. Defendant Scott Avedisian ratified and failed to object to Shelton's Letter, despite the fact that the City policy was changed without notice or hearing before the Board.

66. This new policy has had significant detrimental impact upon the Plaintiffs in terms of their financial ability to obtain necessary care for the ongoing effects of their on the job injuries.

67. Because of the new policy, for Plaintiffs who retired on disability pension and are under the age of 65, any part of a medical bill not covered by Blue Cross has not been paid at all and those parts covered by Blue Cross are now subject to all co-pays, deductibles and other limitations and restrictions imposed by Blue Cross.

68. Because of the new policy, for Plaintiffs who retired on disability pension and are over the age of 65 and now on Medicare, any part of a medical bill not paid by Medicare has not been paid at all and those parts paid by Medicare are now subject to all co-pays, deductibles and other limitations and restrictions imposed by Medicare. In addition, for those Plaintiffs on Medicare, no prescriptions for an on the job injury were paid until the drug prescription plan went into effect in 2006.

69. Plaintiffs, who are retired on disability pensions, do not have the financial means to absorb the additional and unexpected cost of paying for treatment of their on the job injuries and in some cases have had to deplete their savings and/or forego medical treatment for their on the job injuries and put their health and/or their lives at risk.

70. Plaintiffs have also had medical bills rejected for payment by the City and/or the other Defendants even though they were submitted prior to February 29, 2004.

71. On July 5, 2005, the Rhode Island Supreme Court issued its decision in *Hagenberg v. Avedisian*, 879 A. 2d 436, wherein the Court concluded that the new policy set forth in Shelton's letter was improper and the City was bound to pay all medical payments for retired police officers and firefighters as previously determined by the Board in accordance with the IOD Statute.

72. Thereafter, the City and/or the other Defendants have failed, refused and neglected to reverse the new policy set forth in the Letter and have failed, refused and neglected to pay all medical bills for on the job injuries to Plaintiffs who were retired on disability pension prior to the Letter being sent.

73. By letter dated April 17, 2006, the Warwick City Council, the Board and Diana Pearson were sent notice pursuant to R.I. Gen. Laws § 45-15-5 that several retired former Warwick police officers and firefighters were seeking retroactive and future payment of all medical expenses for their on the job injuries pursuant to the IOD statute and formal rescission of the policy set forth in Shelton's letter. Plaintiffs also requested a full hearing before the Board with notice to all persons affected. A true and accurate copy of said letter is attached to the original Complaint as *Exhibit B*.

74. The City and/or the other Defendants failed to respond to said letter. In addition, the Board has refused to schedule a full hearing to address the contentions of any of the Plaintiffs or the ruling of the Rhode Island Supreme Court in *Hagenberg v. Avedisian*, 879 A. 2d 436 (R.I. 2005).

75. A second letter dated December 5, 2006 was sent to the Board notifying it that the Plaintiffs were intending to file this action for retroactive and future medical payments for medical treatment for on the job injuries and attorney's fees and requesting a full hearing before the Board at its December 19, 2006 meeting. A true and accurate copy of said letter is attached to the original Complaint as *Exhibit C*.

76. On or about December 6, 2006, Defendant Pearson sent Plaintiffs a letter by facsimile indicating that any effort to resolve Plaintiffs' dispute with Defendants administratively

would be futile since Defendants have taken the position they will not pay one hundred per cent of medical payment for Plaintiffs' on the job injuries unless Plaintiffs have written confirmation from the Board to that effect. A copy of Defendant Pearson's facsimile response is attached to the original Complaint as *Exhibit D.*

**COUNT I**

**(Declaratory Judgment- R.I.Gen. Laws § 45-19-1)**

77. Plaintiffs incorporate paragraphs 1 through 76 of their Complaint as if fully stated herein.

78. The new policy set forth in Shelton's letter is contrary to the precedents of the Rhode Island Supreme Court and the language of R.I.Gen. Laws § 45-19-1.

79. R.I.Gen. Laws § 45-19-1 mandates that the City continue payment of all medical expenses for on the job injuries after disability retirement and does not give the City and/or the other Defendants with the authority to terminate 100% payment of medical expenses for on the job injuries post retirement.

80. An actual, justiciable controversy exists between the parties with respect to whether, pursuant to R.I.Gen. Laws § 45-19-1, Plaintiffs retired on disability pensions are entitled to have 100% of their medical expenses for on the job injuries paid for by the Defendants post disability retirement.

81. Plaintiffs rights have been harmed and continue to be harmed pending resolution of this controversy.

82. This controversy is within the jurisdiction of this Court, pursuant to R.I.Gen. Laws § 9-30-1 et seq., as it involves the interpretation of a statute and that interpretation by the Court will end the controversy between the parties with respect to this matter.

**COUNT II**

**(Declaratory Judgment - City Charter and Ordinances)**

D 83. Plaintiffs incorporate paragraphs 1 through 82 of their Complaint as if fully stated herein.

D 84. The new policy set forth in Shelton's letter is contrary to the precedents of the Rhode Island Supreme Court and the language of R.I.Gen. Laws § 45-19-1.

A 85. The City is governed pursuant to a Charter and a set of municipal ordinances.

D 86. Pursuant to the Charter and Ordinances, the Board is empowered to determine and resolve issues relating to payment of pension and medical benefits for retired police officers and firefighters of the City.

D 87. Shelton did not have the authority to send the Letter instituting a new policy with respect to the payment of medical expenses for on the job injuries to retired police officers and firefighters by the City.

D 88. An actual, justiciable controversy exists between the parties with respect to whether, pursuant to the City Ordinances, the Letter sent by Shelton must be rescinded and declared an ultra vires action, such that Plaintiffs retired on disability pensions are entitled to have 100% of their medical expenses for on the job injuries paid for by the Defendants post disability retirement.

D 89. Plaintiffs rights have been harmed and continue to be harmed pending resolution of this controversy.

D 90. This controversy is within the jurisdiction of this Court, pursuant to R.I.Gen. Laws § 9-30-1 et seq., as it involves the interpretation of a city ordinance and that interpretation by the Court will end the controversy between the parties with respect to this matter.

**COUNT III**

**(Estoppel)**

D 91. Plaintiffs incorporate paragraphs 1 through 90 of their Complaint as if fully stated herein.

92. The actions, conduct, communications and correspondence of the City and the various Defendants, who are or were agents, employees or predecessors thereof, constituted a promise by the City to pay for 100% of medical expenses to Plaintiffs incurred as a result of their on the job injuries post retirement.

93. One or more of the Defendants, or their predecessors, possessed the actual authority to bind the City and the other Defendants to these obligations.

94. This policy and practice of the City and the Board continued for decades prior to the Shelton Letter and was the policy and practice in place when each of the Plaintiffs retired on a disability pension.

95. The City and the other Defendants, or predecessors thereof, had a reasonable expectation that Plaintiffs would rely upon said statements and promises.

96. Plaintiffs actually and reasonably relied upon said statements and promises to their detriment such that, among other things, they did not plan for alternative resources for medical coverage for their on the job injuries or seek alternative employment

97. The conduct and representations of the City and the various Defendants in paying 100 % of these medical expenses for over 30 years for on the job injuries constituted an affirmative representation, ratification or equivalent conduct on the part of the City and the other Defendants

98. Said conduct was directed to Plaintiffs for the purpose of inducing them to act or fail to act in reliance thereon.

99. Said conduct and representations did induce Plaintiffs to act or fail to act in reliance thereon, proximately causing them injury.

**COUNT IV**
**(Civil Rights Violations 42 U.S.C. § 1983)**

100. Plaintiffs incorporate paragraphs 1 through 99 of their Complaint as if fully stated herein.

101. Prior to making the decision to change the policy regarding health care coverage for on the job injuries for retired police officers and firefighters, Shelton never gave the persons affected by said decision notice or an opportunity for a hearing.

102. The decision to change the policy regarding health insurance coverage for on the job injuries for retirees was made by Shelton under color of state law, without authority to do so and, on information and belief, without the prior involvement of the Mayor, the City Council or the Board.

103. Shelton's actions to terminate Plaintiffs' property rights in continued payment of medical expenses for on the job injuries, without authority to do so, constitute an abuse of government power.

104. With respect to the Board, although Shelton sent the members a letter explaining the new policy, Shelton did not appear before the Board and the Board did not hold any hearings or render any decisions with respect to the new policy for retired police officers and firefighters.

105. Since the Rhode Island Supreme Court's decision in *Hagenberg v. Avedisian*, 879 A. 2d 436 (2005), the Mayor, the City and the Board have failed, refused and neglected to rescind Shelton's Letter and have failed, refused and neglected to conduct a hearing regarding the new policy set forth in the Letter, in flagrant and reckless disregard of Plaintiffs' constitutional rights.

106. With respect to the Assistant City Solicitor, Shelton had informal discussions with Diana Pearson about the change in policy, but she failed, refused and neglected to issue a formal written opinion in accordance with the Charter.

107. Each of the Plaintiffs had the right to continued payment of 100% of their medical expenses for treatment of on the job injuries after their disability retirement, which is a constitutionally protected property interest.

108. The acts of the Defendants as alleged herein have resulted in a violation of Plaintiffs' civil rights and property rights in continued payment of their medical expenses for their on the job injuries.

109. The acts of the Defendants alleged herein were made under color of state law, and subjected Plaintiffs to the deprivation of rights, privileges and immunities secured by the Federal Constitution and laws in violation of 42 U.S.C § 1983.

110. Each of the Plaintiffs had the constitutional right to notice and an opportunity to be heard before his or her rights to reimbursement of medical expenses could be terminated by the City.

111. The actions of the Defendants as alleged herein violated Plaintiffs' rights to constitutional substantive and procedural due process.

112. As a direct and proximate result of the Defendants' actions, Plaintiffs have sustained substantial damages and losses for which they have not been compensated.

113. The actions of the City and the other Defendants were undertaken in furtherance of an unconstitutional practice, policy or custom of the City.

114. The actions of the Defendants were willful, wanton and intentional and made with reckless indifference to Plaintiffs' constitutional and statutory rights, entitling Plaintiffs to compensatory and punitive damages.

WHEREFORE, Plaintiffs demands judgment against the each of the Defendants, jointly and severally, and seek the following relief:

(a) Grant declaratory relief to Plaintiffs, declaring that pursuant to R.I.Gen. Laws § 45-19-1, Plaintiffs retired on disability pensions are entitled to have 100% of their medical expenses for on the job injuries paid for by Defendants post retirement.

(b) Grant declaratory relief to Plaintiffs, declaring the Shelton Letter to be void and unenforceable and further directing the policy set forth therein to be rescinded in its entirety;

(c) Award Plaintiffs reimbursement for all medical expenses incurred in the past for the treatment of on the job injuries;

(d) Order the Defendants to reimburse Plaintiffs for any and all future medical expenses incurred as a result of their on the job injuries;

(e) Award compensatory damages to the Plaintiffs for personal injuries and financial losses sustained as a result of Defendants' conduct;

(f) Award punitive damages for the wanton, willful and intentional conduct of the Defendants undertaken in reckless disregard of Plaintiffs' rights;

(g) Award Plaintiffs interest, costs and attorneys' fees pursuant to 42 U.S.C § 1988 and/or R.I.Gen. Laws § 42-92-1 et seq.; and

(h) Award Plaintiffs such other and further relief as this Court deems just and appropriate.

PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Plaintiffs,
By their Attorneys,

William M. Kolb, #3664
Law Offices of William M. Kolb, LLC
One Ship Street
Providence, RI 02903
Tel. (401)-490-8297
Fax (401)-490-8299

Christine M. Curley, #4529
275 Beacon Drive
North Kingstown, RI 02852
Tel. (401) 294-0847
Fax (401) 294-0849

**Certification**

I hereby certify that on the 31st day of December, 2006, a true copy of the foregoing was served by first class mail postage prepaid upon all Defendants.