# Plaintiffs' Affidavits

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Raymond W. Cahoon, Jr. et al
Plaintiffs

v. C.A. #: 07-008ML

Oscar Shelton, et al
Defendants

**AFFIDAVIT of** Ronald G. Anderson

I, Ronald G Anderson under oath do depose and state as follows:

1. I, Ronald G Anderson was a Fire Fighter for the City of Warwick. The following statements are based upon my personal knowledge and/or records I have maintained.

2. I retired from my employment with the City of Warwick on or about 6-14-75 because of an on the job injury which was sustained on or about 8-23-74. My on the job injury consisted of ON DUTY HEART ATTACK.

3. At the time of my on the job injury, 100% of the medical expenses incurred because of my on the job injuries were paid by the City of Warwick.

4. When I retired, I received a monthly disability pension from the City of Warwick because of my on the job injury.

5. At the time of my retirement, my request for disability pension was approved by the City of Warwick. I was never informed by the City of Warwick that 100% of my medical expenses for my on the job injuries would no longer be paid by the City of Warwick. To the contrary, it was understood by the members of the collective bargaining unit that disability retirement included the policy of the City of Warwick to continue to pay for 100% of the medical expenses incurred as the result of on the job injuries post retirement. This policy was a known and established practice of the City of Warwick based upon prior conduct of City officials acting pursuant to R. I. Gen. Laws § 45-19-1, the Injured on Duty statute.

6. After I retired from the City of Warwick, I lived on a fixed income and could not work because of the injury I sustained while on the job. In reliance upon the City policy and practice of paying 100% of medical expenses for on the job injuries, I did not procure additional health insurance when I took disability retirement from the City of Warwick.

7. After my retirement, 100% of the medical expenses incurred because of my on the job injuries were paid for by the City of Warwick. I would submit my medical bills to Blue

Cross/Blue Shield of Rhode Island for payment and whatever portion was not paid for by Blue Cross was paid by the City of Warwick.

8. By letter dated December 11, 2003, Oscar Shelton notified all retired City police officers and firefighters, including myself, that effective January 1, 2004, the long-standing policy and practice of paying 100% of all medical bills for on the job injuries would be terminated.

9. This new policy was put into effect by Oscar Shelton and/or the City without notice or an opportunity for a hearing before the Board of Public Safety or any other board or committee which is a part of the municipal government of the City. I did not have the opportunity to have my case heard before the Board of Public Safety before 100% payment of my medical expenses for my on the job injuries was terminated by the City.

10. This new policy has had significant detrimental impact upon me in terms of my financial ability to obtain necessary care for the ongoing effects of my on the job injuries.

11. Because of the new policy, any part of a medical bill not covered by Blue Cross or Medicare that has not been paid at all and those parts not covered by Blue Cross or Medicare are now subject to all co-pays, deductibles and other limitations and restrictions imposed by Blue Cross or Medicare and any shortfall is no longer reimbursed by the City.

12. I do not have the financial means to absorb the additional and unexpected cost of paying for treatment of my on the job injuries and have had to use my savings and/or forego medical treatment for my on the job injuries and have put my health at risk.

13. I continue to receive medical treatment, need prescription medication and otherwise continue to suffer from the effects of my on the job injuries.

Ronald G. Anderson

Subscribed and sworn to before me this 19th day of June, 2007.

Julie A. Barrow
Notary Public
My Commission Expires: 5/23/09

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Raymond W. Cahoon, Jr. et al<br>Plaintiffs | : | |
| v. | : | C.A. #: 07-008ML |
| Oscar Shelton, et al<br>Defendants | : | |

**AFFIDAVIT of** Harry Branch

I, HARRY BRANCH under oath do depose and state as follows:

1. I, HARRY BRANCH was a FIRE FIGHTER for the City of Warwick. The following statements are based upon my personal knowledge and/or records I have maintained.

2. I retired from my employment with the City of Warwick on or about 1984 because of an on the job injury which was sustained on or about OCTOBER 1983. My on the job injury consisted of HEART ATTACK WHILE FIGHTING FIRE

3. At the time of my on the job injury, 100% of the medical expenses incurred because of my on the job injuries were paid by the City of Warwick.

4. When I retired, I received a monthly disability pension from the City of Warwick because of my on the job injury.

5. At the time of my retirement, my request for disability pension was approved by the City of Warwick. I was never informed by the City of Warwick that 100% of my medical expenses for my on the job injuries would no longer be paid by the City of Warwick. To the contrary, it was understood by the members of the collective bargaining unit that disability retirement included the policy of the City of Warwick to continue to pay for 100% of the medical expenses incurred as the result of on the job injuries post retirement. This policy was a known and established practice of the City of Warwick based upon prior conduct of City officials acting pursuant to R. I. Gen. Laws § 45-19-1, the Injured on Duty statute.

6. After I retired from the City of Warwick, I lived on a fixed income and could not work because of the injury I sustained while on the job. In reliance upon the City policy and practice of paying 100% of medical expenses for on the job injuries, I did not procure additional health insurance when I took disability retirement from the City of Warwick.

7. After my retirement, 100% of the medical expenses incurred because of my on the job injuries were paid for by the City of Warwick. I would submit my medical bills to Blue

Cross/Blue Shield of Rhode Island for payment and whatever portion was not paid for by Blue Cross was paid by the City of Warwick.

8. By letter dated December 11, 2003, Oscar Shelton notified all retired City police officers and firefighters, including myself, that effective January 1, 2004, the long-standing policy and practice of paying 100% of all medical bills for on the job injuries would be terminated.

9. This new policy was put into effect by Oscar Shelton and/or the City without notice or an opportunity for a hearing before the Board of Public Safety or any other board or committee which is a part of the municipal government of the City. I did not have the opportunity to have my case heard before the Board of Public Safety before 100% payment of my medical expenses for my on the job injuries was terminated by the City.

10. This new policy has had significant detrimental impact upon me in terms of my financial ability to obtain necessary care for the ongoing effects of my on the job injuries.

11. Because of the new policy, any part of a medical bill not covered by Blue Cross or Medicare that has not been paid at all and those parts not covered by Blue Cross or Medicare are now subject to all co-pays, deductibles and other limitations and restrictions imposed by Blue Cross or Medicare and any shortfall is no longer reimbursed by the City.

12. I do not have the financial means to absorb the additional and unexpected cost of paying for treatment of my on the job injuries and have had to use my savings and/or forego medical treatment for my on the job injuries and have put my health at risk.

13. I continue to receive medical treatment, need prescription medication and otherwise continue to suffer from the effects of my on the job injuries.

Harry Branch

Subscribed and sworn to before me this 13th day of June June, 2007.

Myrtle R Idone
Notary Public
My Commission Expires: June 29, 09

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Raymond W. Cahoon, Jr. et al
Plaintiffs :

v. : C.A. #: 07-008ML

Oscar Shelton, et al
Defendants :

**AFFIDAVIT of** Raymond W Cahoon Sr

I, Raymond W Cahoon Sr under oath do depose and state as follows:

1. I, Raymond W Cahoon Sr was a Fire Fighter for the City of Warwick. The following statements are based upon my personal knowledge and/or records I have maintained.

2. I retired from my employment with the City of Warwick on or about Sept. 1982 because of an on the job injury which was sustained on or about 1982. My on the job injury consisted of Heart, Lungs And Cluster Headaches.

3. At the time of my on the job injury, 100% of the medical expenses incurred because of my on the job injuries were paid by the City of Warwick.

4. When I retired, I received a monthly disability pension from the City of Warwick because of my on the job injury.

5. At the time of my retirement, my request for disability pension was approved by the City of Warwick. I was never informed by the City of Warwick that 100% of my medical expenses for my on the job injuries would no longer be paid by the City of Warwick. To the contrary, it was understood by the members of the collective bargaining unit that disability retirement included the policy of the City of Warwick to continue to pay for 100% of the medical expenses incurred as the result of on the job injuries post retirement. This policy was a known and established practice of the City of Warwick based upon prior conduct of City officials acting pursuant to R. I. Gen. Laws § 45-19-1, the Injured on Duty statute.

6. After I retired from the City of Warwick, I lived on a fixed income and could not work because of the injury I sustained while on the job. In reliance upon the City policy and practice of paying 100% of medical expenses for on the job injuries, I did not procure additional health insurance when I took disability retirement from the City of Warwick.

7. After my retirement, 100% of the medical expenses incurred because of my on the job injuries were paid for by the City of Warwick. I would submit my medical bills to Blue

Cross/Blue Shield of Rhode Island for payment and whatever portion was not paid for by Blue Cross was paid by the City of Warwick.

8. By letter dated December 11, 2003, Oscar Shelton notified all retired City police officers and firefighters, including myself, that effective January 1, 2004, the long-standing policy and practice of paying 100% of all medical bills for on the job injuries would be terminated.

9. This new policy was put into effect by Oscar Shelton and/or the City without notice or an opportunity for a hearing before the Board of Public Safety or any other board or committee which is a part of the municipal government of the City. I did not have the opportunity to have my case heard before the Board of Public Safety before 100% payment of my medical expenses for my on the job injuries was terminated by the City.

10. This new policy has had significant detrimental impact upon me in terms of my financial ability to obtain necessary care for the ongoing effects of my on the job injuries.

11. Because of the new policy, any part of a medical bill not covered by Blue Cross or Medicare that has not been paid at all and those parts not covered by Blue Cross or Medicare are now subject to all co-pays, deductibles and other limitations and restrictions imposed by Blue Cross or Medicare and any shortfall is no longer reimbursed by the City.

12. I do not have the financial means to absorb the additional and unexpected cost of paying for treatment of my on the job injuries and have had to use my savings and/or forego medical treatment for my on the job injuries and have put my health at risk.

13. I continue to receive medical treatment, need prescription medication and otherwise continue to suffer from the effects of my on the job injuries.

Raymond W. Calhoun Jr

Subscribed and sworn to before me this 14th day of June, 2007.

[signature] # 17701
Notary Public
My Commission Expires: 6-20-2009

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Raymond W. Cahoon, Jr. et al<br>Plaintiffs | : | |
| v. | : | C.A. #: 07-008ML |
| Oscar Shelton, et al<br>Defendants | : | |

**AFFIDAVIT of** THOMAS P. CONROY JR

I, THOMAS P. CONROY JR under oath do depose and state as follows:

1. I, Thomas P. Conroy JR was a Police Officer for the City of Warwick. The following statements are based upon my personal knowledge and/or records I have maintained.

2. I retired from my employment with the City of Warwick on or about OCT 1983 because of an on the job injury which was sustained on or about MARCH 1975. My on the job injury consisted of HEART ATTACK.

3. At the time of my on the job injury, 100% of the medical expenses incurred because of my on the job injuries were paid by the City of Warwick.

4. When I retired, I received a monthly disability pension from the City of Warwick because of my on the job injury.

5. At the time of my retirement, my request for disability pension was approved by the City of Warwick. I was never informed by the City of Warwick that 100% of my medical expenses for my on the job injuries would no longer be paid by the City of Warwick. To the contrary, it was understood by the members of the collective bargaining unit that disability retirement included the policy of the City of Warwick to continue to pay for 100% of the medical expenses incurred as the result of on the job injuries post retirement. This policy was a known and established practice of the City of Warwick based upon prior conduct of City officials acting pursuant to R. I. Gen. Laws § 45-19-1, the Injured on Duty statute.

6. After I retired from the City of Warwick, I lived on a fixed income and could not work because of the injury I sustained while on the job. In reliance upon the City policy and practice of paying 100% of medical expenses for on the job injuries, I did not procure additional health insurance when I took disability retirement from the City of Warwick.

7. After my retirement, 100% of the medical expenses incurred because of my on the job injuries were paid for by the City of Warwick. I would submit my medical bills to Blue

Cross/Blue Shield of Rhode Island for payment and whatever portion was not paid for by Blue Cross was paid by the City of Warwick.

8. By letter dated December 11, 2003, Oscar Shelton notified all retired City police officers and firefighters, including myself, that effective January 1, 2004, the long-standing policy and practice of paying 100% of all medical bills for on the job injuries would be terminated.

9. This new policy was put into effect by Oscar Shelton and/or the City without notice or an opportunity for a hearing before the Board of Public Safety or any other board or committee which is a part of the municipal government of the City. I did not have the opportunity to have my case heard before the Board of Public Safety before 100% payment of my medical expenses for my on the job injuries was terminated by the City.

10. This new policy has had significant detrimental impact upon me in terms of my financial ability to obtain necessary care for the ongoing effects of my on the job injuries.

11. Because of the new policy, any part of a medical bill not covered by Blue Cross or Medicare that has not been paid at all and those parts not covered by Blue Cross or Medicare are now subject to all co-pays, deductibles and other limitations and restrictions imposed by Blue Cross or Medicare and any shortfall is no longer reimbursed by the City.

12. I do not have the financial means to absorb the additional and unexpected cost of paying for treatment of my on the job injuries and have had to use my savings and/or forego medical treatment for my on the job injuries and have put my health at risk.

13. I continue to receive medical treatment, need prescription medication and otherwise continue to suffer from the effects of my on the job injuries.

NOTARY PUBLIC
LINDA L. GONZALEZ
Notary Public, State of Florida
My comm. expires Apr. 10, 2009
No. DD412929

Thomas P. Conroy Jr

Subscribed and sworn to before me this 13th day of June, 2007.

Linda L. Gonzalez
Notary Public
My Commission Expires: 4-10-09

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Raymond W. Cahoon, Jr. et al<br>Plaintiffs | : | |
| v. | : | C.A. #: 07-008ML |
| Oscar Shelton, et al<br>Defendants | : | |

**AFFIDAVIT of** Dennis P Donahue

I, Dennis P Donahue under oath do depose and state as follows:

1. I, Dennis P Donahue was a police officer for the City of Warwick. The following statements are based upon my personal knowledge and/or records I have maintained.

2. I retired from my employment with the City of Warwick on or about Aug 1989 because of an on the job injury which was sustained on or about May 1989. My on the job injury consisted of a severe stroke.

3. At the time of my on the job injury, 100% of the medical expenses incurred because of my on the job injuries were paid by the City of Warwick.

4. When I retired, I received a monthly disability pension from the City of Warwick because of my on the job injury.

5. At the time of my retirement, my request for disability pension was approved by the City of Warwick. I was never informed by the City of Warwick that 100% of my medical expenses for my on the job injuries would no longer be paid by the City of Warwick. To the contrary, it was understood by the members of the collective bargaining unit that disability retirement included the policy of the City of Warwick to continue to pay for 100% of the medical expenses incurred as the result of on the job injuries post retirement. This policy was a known and established practice of the City of Warwick based upon prior conduct of City officials acting pursuant to R. I. Gen. Laws § 45-19-1, the Injured on Duty statute.

6. After I retired from the City of Warwick, I lived on a fixed income and could not work because of the injury I sustained while on the job. In reliance upon the City policy and practice of paying 100% of medical expenses for on the job injuries, I did not procure additional health insurance when I took disability retirement from the City of Warwick.

7. After my retirement, 100% of the medical expenses incurred because of my on the job injuries were paid for by the City of Warwick. I would submit my medical bills to Blue

Cross/Blue Shield of Rhode Island for payment and whatever portion was not paid for by Blue Cross was paid by the City of Warwick.

8. By letter dated December 11, 2003, Oscar Shelton notified all retired City police officers and firefighters, including myself, that effective January 1, 2004, the long-standing policy and practice of paying 100% of all medical bills for on the job injuries would be terminated.

9. This new policy was put into effect by Oscar Shelton and/or the City without notice or an opportunity for a hearing before the Board of Public Safety or any other board or committee which is a part of the municipal government of the City. I did not have the opportunity to have my case heard before the Board of Public Safety before 100% payment of my medical expenses for my on the job injuries was terminated by the City.

10. This new policy has had significant detrimental impact upon me in terms of my financial ability to obtain necessary care for the ongoing effects of my on the job injuries.

11. Because of the new policy, any part of a medical bill not covered by Blue Cross or Medicare that has not been paid at all and those parts not covered by Blue Cross or Medicare are now subject to all co-pays, deductibles and other limitations and restrictions imposed by Blue Cross or Medicare and any shortfall is no longer reimbursed by the City.

12. I do not have the financial means to absorb the additional and unexpected cost of paying for treatment of my on the job injuries and have had to use my savings and/or forego medical treatment for my on the job injuries and have put my health at risk.

13. I continue to receive medical treatment, need prescription medication and otherwise continue to suffer from the effects of my on the job injuries.

Dennis J. Donahue

Subscribed and sworn to before me this 15th day of June, 2007.

George D Martin
Notary Public
My Commission Expires:

GEORGE D. MARTIN
MY COMMISSION # DD585517
EXPIRES: August 16, 2010
NOTARY PUBLIC STATE OF FLORIDA
1-800-3-NOTARY Fl. Notary Discount Assoc. Co.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Raymond W. Cahoon, Jr. et al
Plaintiffs

v. C.A. #: 07-008ML

Oscar Shelton, et al
Defendants

**AFFIDAVIT of** DEAN A. SWANSON

I, DEAN A. SWANSON under oath do depose and state as follows:

1. I, DEAN SWANSON was a POLICE OFFICER for the City of Warwick. The following statements are based upon my personal knowledge and/or records I have maintained.

2. I retired from my employment with the City of Warwick on or about 1992 because of an on the job injury which was sustained on or about JAN, 1991. My on the job injury consisted of POST TRAUMATIC STRESS DISORDER.

3. At the time of my on the job injury, 100% of the medical expenses incurred because of my on the job injuries were paid by the City of Warwick.

4. When I retired, I received a monthly disability pension from the City of Warwick because of my on the job injury.

5. At the time of my retirement, my request for disability pension was approved by the City of Warwick. I was never informed by the City of Warwick that 100% of my medical expenses for my on the job injuries would no longer be paid by the City of Warwick. To the contrary, it was understood by the members of the collective bargaining unit that disability retirement included the policy of the City of Warwick to continue to pay for 100% of the medical expenses incurred as the result of on the job injuries post retirement. This policy was a known and established practice of the City of Warwick based upon prior conduct of City officials acting pursuant to R. I. Gen. Laws § 45-19-1, the Injured on Duty statute.

6. After I retired from the City of Warwick, I lived on a fixed income and could not work because of the injury I sustained while on the job. In reliance upon the City policy and practice of paying 100% of medical expenses for on the job injuries, I did not procure additional health insurance when I took disability retirement from the City of Warwick.

7. After my retirement, 100% of the medical expenses incurred because of my on the job injuries were paid for by the City of Warwick. I would submit my medical bills to Blue

Cross/Blue Shield of Rhode Island for payment and whatever portion was not paid for by Blue Cross was paid by the City of Warwick.

8. By letter dated December 11, 2003, Oscar Shelton notified all retired City police officers and firefighters, including myself, that effective January 1, 2004, the long-standing policy and practice of paying 100% of all medical bills for on the job injuries would be terminated.

9. This new policy was put into effect by Oscar Shelton and/or the City without notice or an opportunity for a hearing before the Board of Public Safety or any other board or committee which is a part of the municipal government of the City. I did not have the opportunity to have my case heard before the Board of Public Safety before 100% payment of my medical expenses for my on the job injuries was terminated by the City.

10. This new policy has had significant detrimental impact upon me in terms of my financial ability to obtain necessary care for the ongoing effects of my on the job injuries.

11. Because of the new policy, any part of a medical bill not covered by Blue Cross or Medicare that has not been paid at all and those parts not covered by Blue Cross or Medicare are now subject to all co-pays, deductibles and other limitations and restrictions imposed by Blue Cross or Medicare and any shortfall is no longer reimbursed by the City.

12. I do not have the financial means to absorb the additional and unexpected cost of paying for treatment of my on the job injuries and have had to use my savings and/or forego medical treatment for my on the job injuries and have put my health at risk.

13. I continue to receive medical treatment, need prescription medication and otherwise continue to suffer from the effects of my on the job injuries.

Dean A. Swanson

Subscribed and sworn to before me this 14th day of June, 2007.

John F. Cia

Notary Public

My Commission Expires: 2/13/09