UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Raymond W. Cahoon, Jr. et al :
Plaintiffs :
:
v. : C.A. No.: 07-008S
:
Oscar Shelton, et al :
Defendants :

**PLAINTIFFS' RULE 12.1 STATEMENT OF UNDISPUTED FACTS**

Pursuant to Rule 12.1 of the Local Rules of this Court, Plaintiffs set forth below the following facts as to which there is no genuine dispute:

1. Each of the named plaintiffs were former Warwick police officers or firefighters retired on a disability pension because of an on the job injury. Complaint[1] ¶ 1-40; Answer ¶ 1.

2. Defendant Oscar Shelton is a resident of the State of Rhode Island and is being sued in his individual capacity and in his official capacity as the Personnel Director for the City of Warwick. Complaint ¶ 41; Answer ¶1.

3. Defendant Scott Avedisian is a resident of the State of Rhode Island and is being sued in his individual capacity and in his official capacity as the Mayor for the City of Warwick. Complaint ¶ 42; Answer ¶1.

4. Defendant Diana Pearson is a resident of the State of Rhode Island and is being sued in her individual capacity and in her official capacity as the Assistant Solicitor for the City of Warwick. Complaint ¶ 43; Answer ¶1.

5. Defendant David Olsen is a resident of the State of Rhode Island and is being sued in his official capacity as the Treasurer for the City of Warwick. Complaint ¶ 44; Answer ¶1.

[1] References to the Complaint refer to the Second Amended Complaint.

6. The Defendant City of Warwick (the "City") is one of the thirty nine (39) cities and towns of the State of Rhode Island and is a political subdivision of the State. Complaint ¶ 45; Answer ¶1.

7. The City is governed pursuant to a Charter and a set of municipal ordinances. Agreed Statement of Facts ¶ 2.[2]

8. The Division of Personnel for the City participates in the negotiating of contracts for inter alia, benefits for City employees, including police and fire; however, whatever benefits police and fire fighters receive upon retiring is controlled either by State law, the Charter and Ordinances or the collective bargaining agreements in effect at the time of retirement. Agreed Statement of Facts ¶4.

9. Defendant Warwick Board of Public Safety (the "Board") is a municipal board of the City of Warwick, organized and existing pursuant to the municipal ordinances of the City, one of whose purposes is to exclusively deal with issues relating to pension and medical benefits of retired police officers and firefighters of the City. Complaint ¶ 46; Answer ¶1.

10. Defendants Leslie Waleska Baxter, Marshall Martin, Joseph Spinale and Michael Ryan are residents of the State of Rhode Island and are being sued individually and in their official capacities as the Chairwoman and members of the Warwick Board of Public Safety. Complaint ¶ 47-50; Answer ¶1.

11. Each of the Plaintiffs are former City police officers and firefighters who have retired with a disability pension from the City because of an on the job injury and have been receiving monthly pension payments. *See* Plaintiffs' Affidavits.

[2] The Agreed Statement of Facts refers to the stipulated facts filed by the City and the individual defendants in the case of *Hagenberg v. Avedisian*, C.A. No. KC-04-0944, filed in the Kent County Superior Court and reviewed on appeal in *Hagenberg v. Avedisian*, 879 A.2d 436 (R.I. 2005), attached hereto as *Exhibit A.*

12. Some police and fire fighters were told when they were recruited for the job that, in the event of an on the job injury, they would be taken care of by the City for the rest of their lives, i.e., the medical bills for their on the job injuries would be paid in full. Agreed Statement of Facts ¶ 9.

13. At the time of each of the Plaintiffs' on the job injuries, 100% of the medical expenses incurred because of their on the job injuries were paid by the City of Warwick. *See* Plaintiffs' Affidavits

14. At the time of Plaintiffs' retirement, their requests for disability pensions were approved by the City of Warwick. Plaintiffs were never informed by the City of Warwick that 100% of their medical expenses for on the job injuries would no longer be paid by the City of Warwick. To the contrary, it was understood by the members of the collective bargaining unit that disability retirement included the policy of the City of Warwick to continue to pay for 100% of the medical expenses incurred as the result of on the job injuries post retirement. This policy was a known and established practice of the City of Warwick based upon prior conduct of City officials acting pursuant to R. I. Gen. Laws § 45-19-1, the Injured on Duty statute. *See* Plaintiffs' Affidavits; Deposition of Oscar Shelton, p. 16-17[3] .

15. The Charter and Ordinances set forth the monetary payments for service related disabilities but are silent with respect to the medical benefits to be paid to police and fire fighters retired on a disability pension for an on the job injury either pre or post retirement. Agreed Statement of Facts ¶ 5. See also Ordinance Code 20-60; 20-112; 20-202; 52-6; 52-38; 52-44; 52-82 attached hereto as *Exhibit C*.

16. After Plaintiffs' retirement, 100% of the medical expenses incurred because of their on the job injuries were paid for by the City of Warwick. Plaintiffs would submit their

medical bills to Blue Cross/Blue Shield of Rhode Island for payment and whatever portion was not paid for by Blue Cross was paid by the City of Warwick. *See* Plaintiffs' Affidavits.

17. By letter dated December 11, 2003, Oscar Shelton notified all retired disabled City police officers and firefighters, including Plaintiffs, that effective January 1, 2004, the long-standing policy and practice of paying 100% of all medical bills for on the job injuries would be terminated. *See* Plaintiffs' Affidavits; Complaint ¶ 60, *Exhibit A*.

18. This new policy was put into effect by Oscar Shelton and/or the City without notice or an opportunity for a hearing before the Board of Public Safety or any other board or committee which is a part of the municipal government of the City. Plaintiffs did not have the opportunity to have their case heard before the Board of Public Safety before 100% payment of their medical expenses for their on the job injuries were terminated by the City. *See* Plaintiffs' Affidavits; Agreed Statement of Facts ¶ 26.

19. The decision to change the policy regarding health insurance coverage for on the job injuries for retirees was made by Shelton, under color of state law, without the prior involvement of the Mayor, the City Council or the Board. Agreed Statement of Facts ¶ 27.

20. With respect to the Board, although Shelton sent the members a letter explaining the new policy, Shelton did not appear before the Board and the Board did not hold any hearings or render any decisions with respect to the new policy for retired police officer and firefighters. Agreed Statement of Facts ¶ 26; Deposition of Oscar Shelton, p 50-51.

21. According to figures obtained by Shelton from Blue Cross in 2003, it was estimated the new policy would save the City approximately $150,000 annually. Agreed Statement of Facts ¶ 20.

---

[3] The Deposition of Oscar Shelton was taken in the case of *Hagenberg v. Avedisian*, C.A. No. KC-04-0944, filed in the Kent County Superior Court. The excerpted pages of the Deposition are attached hereto as *Exhibit B*.

22. This new policy has had significant detrimental impact upon many of the Plaintiffs in terms of their financial ability to obtain necessary care for the ongoing effects of their on the job injuries. *See* Plaintiffs' Affidavits.

23. Because of the new policy, any part of a medical bill not covered by Blue Cross or Medicare that has not been paid at all and those parts not covered by Blue Cross or Medicare are now subject to all co-pays, deductibles and other limitations and restrictions imposed by Blue Cross or Medicare and any shortfall is no longer reimbursed by the City. *See* Plaintiffs' Affidavits; Agreed Statement of Facts, ¶ 7.

24. For retired disabled police and firefighters on Medicare there most likely will be no health care coverage for on the job injuries since Medicare does not pay for job related medical expenses, i.e., it will not pay for injuries when someone else is responsible. Agreed Statement of Facts ¶ 25.

25. Plaintiffs continue to receive medical treatment, need prescription medications and otherwise continue to suffer from the effects of their on the job injuries. *See* Plaintiffs' Affidavits.

26. The full payment of medical expenses by the City for on the job injuries to former police officers and firefighter receiving disability pensions had continued for over thirty (30) years, until the time Shelton's letter was sent. Agreed Statement of Facts, ¶ 8.

27. Defendant Scott Avedisian ratified and failed to object to Shelton's Letter, despite the fact that the City policy was changed without notice or hearing before the Board. Complaint ¶ 65.

28. On July 5, 2005, the Rhode Island Supreme Court issued its decision in *Hagenberg v. Avedisian*, 879 A. 2d 436, wherein the Court concluded, among other things, that the adoption of the new policy by virtue of Shelton's Letter was improper because only the

Board had authority to make decisions regarding payment of pension and medical benefits for retired police officers and firefighters.

29. Thereafter, the City and/or the other Defendants have failed, refused and neglected to reverse the new policy set forth in the Shelton Letter and have failed, refused and neglected to pay all medical bills for on the job injuries to Plaintiffs who were retired on disability pension prior to the Letter being sent. *See* Plaintiffs' Affidavits.

30. By letter dated April 17, 2006, the Warwick City Council, the Board and Diana Pearson were sent notice pursuant to R.I. Gen. Laws § 45-15-5 that several retired former Warwick police officers and firefighters were seeking retroactive and future payment of all medical expenses for their on the job injuries pursuant to the IOD statute and formal rescission of the policy set forth in Shelton's letter. Plaintiffs also requested a full hearing before the Board with notice to all persons affected. Complaint ¶ 73, *Exhibit B.*

31. A second letter dated December 5, 2006 was sent to the Board notifying it that the Plaintiffs were intending to file this action for retroactive and future medical payments for medical treatment for on the job injuries and attorney's fees and requesting a full hearing before the Board at its December 19, 2006 meeting. Complaint ¶ 75, *Exhibit C.*

32. On or about December 6, 2006, Defendant Pearson sent Plaintiffs a letter by facsimile indicating that any effort to resolve Plaintiffs' dispute administratively would be futile since Defendants have taken the position that they will not pay any medical expenses for Plaintiffs' on the job injuries unless Plaintiffs have written confirmation from the Board to that effect. Complaint ¶ 76, *Exhibit D.*

33. The City does not now nor has it in the past participated in the Municipal Employees Retirement System (MERS). Agreed Statement of Facts ¶ 36.

Plaintiffs,
By their Attorneys,

/s/ William M. Kolb
William M. Kolb, #3664
Law Offices of William M. Kolb, LLC
One Ship Street
Providence, RI 02903
401-490-8297
401-490-8299 (fax)

/s/ Christine M. Curley
Christine M. Curley #4529
275 Beacon Drive
North Kingstown, RI 02852
(401) 294-0847
(401) 294-0849 (fax)

## CERTIFICATION

I hereby certify that the foregoing Plaintiffs' Rule 12.1 Statement of Undisputed Facts was filed electronically with the United States District Court for the District of Rhode Island and is available for viewing and downloading from the Electronic Case Filing system. The following attorney received service by electronic means on this 2nd day of July 2007:

Marc DeSisto, Esq.
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
marc@desistolaw.com

John G. Earle, Esq.
BRESLIN, SWEENEY & EARLE, LLP
222 Jefferson Boulevard, Suite 300
Warwick, RI 02888
jearle@bselaw.com

/s/ William M. Kolb