UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RAYMOND W. CAHOON, JR., et al.

*Plaintiffs,*

vs. C.A. No. 07-008 ML

OSCAR SHELTON, et al.,

*Defendants.*

**DEFENDANTS' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT**

Now come defendants and, in accordance with Rule 56(a) of R.I. District Court Local Rules for Civil Proceedings, hereby submit the within statement of undisputed facts:

1. On or about December 11, 2003, the City of Warwick's Director of Personnel, Defendant Oscar Shelton circulated a letter to all disabled fire and police retirees informing them the City was going to stop paying disabled police and fire retirees directly for the work-related medical payments and instead reimbursed the disabled retirees through the City's health insurance plan. As explained by Mr. Shelton, this new policy, which was effective as of January 2004, was being made in accordance with the recent Supreme Court decision of *Elliott v. Warren, 818 A.2d 652 (R.I. 2003)*. *See Correspondence, O. Shelton to all retirees (December 11, 2003).*
2. In February, 2004, Albert Hagenberg filed suit individually and in his official capacity as President of the Warwick Retired Police and Fire Fighters Association

against defendants[1] seeking declaratory and injunctive relief, as well as a claim for promissory estoppel, to compel the City to continue the medical benefits for all retirees pursuant to *R.I.G.L. § 45-19-1*. See *Hagenberg v. Avedisian, Complaint, C.A. No. 04-0044.*

3. Plaintiffs are all members of the Warwick Retired Police and Fire Fighters Association for which Mr. Hagenberg sought relief on their behalf in the Superior Court.

4. On or about December 6, 2006, Diana Pearson, the Board of Public Safety's attorney, responded to a letter directed towards the Board by plaintiffs' attorney requesting a hearing date before the Board to address the plaintiffs' entitlement to continued benefits. Ms. Pearson advised plaintiffs' attorney that the plaintiffs' issue could be placed on the agenda for the Board's December 19, 2006, hearing. *See Facsimile from Diana Pearson to William Kolb, December 6, 2006*

5. Attorney Pearson further explained that in accordance with the Supreme Court's decision in *Hagenberg v. Avedisian, 879 A.2d 436 (R.I. 2005),* the Board would require the individual plaintiffs to present written confirmation similar to that relied on by the Supreme Court in *Hagenberg* that the City and/or the Board of Public Safety had found that each plaintiff was entitled to 100% of OJI related medical expenses during retirement. *Id.* Attorney Pearson alternatively suggested that the matter could be handled administratively with the Board accepting written documentation from the plaintiffs on this issue without a hearing. *Id.*

---

[1] The list of defendants in the Superior Court action is the same except for the addition of City Solicitor Diana Pearson and Joseph Spinale, Board of Public Safety member, who were added to the instant suit as defendants.

6. Five (5) days after Attorney Pearson's correspondence, the plaintiffs filed the instant suit claiming *inter alia* that their due process rights have been violated by the City's failure to provide them with a hearing.

7. The issues raised in the instant case are based on the same nucleus of facts as those contained in the state case of *Hagenberg v. Avedisian, 879 A.2d 436 (R.I. 2005).*

8. The individual plaintiffs have similar interests as those pursued by the Warwick Retired Police and Fire Fighters Association, by and through its president, Albert Hagenberg before the state court.

9. The claims raised in the state court action are identical to the instant suit, the same counsel represents the parties in both cases and the plaintiffs in both suits share the same incentive to litigate. *Compare Cahoon v. Shelton, Second Amended Complaint, C.A. No. 07-008ML* to *Hagenberg v. Avedisian, Complaint, C.A. No. 04-0044.*

10. Plaintiffs refused the Board's offer to hold a hearing and/or administrative review on their claim to entitlement to full medical benefits. *See Facsimile from Diana Pearson to William Kolb, December 6, 2006.*

Defendants,

Oscar Shelton, Scott Avedisian,
David C. Olsen, Diana Pearson,
City of Warwick, Warwick Board
of Public Safety, Leslie Waleska
Baxter, Marshall Martin, Joseph
Spinale and Michael Ryan,

By their attorney,

*/s/ Marc DeSisto*

_______________________________

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 fax
marc@desistolaw.com

Defendants,

Oscar Shelton, Scott Avedisian,
Diana Pearson, David C. Olsen,
City of Warwick, Warwick Board
of Public Safety, Leslie Waleska
Baxter, Marshall Martin, Joseph
Spinale and Michael Ryan,

By their attorney,

_______________________________

John G. Earle, Esq.
Solicitor, City of Warwick
BRESLIN, SWEENEY & EARLE, LLP
222 Jefferson Boulevard, Suite 300
Warwick, RI 02888
(401) 737-8484
(401) 738-6935 fax
jearle@bselaw.com

CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on this 11th day of July, 2007, and is available for viewing and downloading from the ECF system. Service on the counsel of record, as listed below, will be effectuated by electronic means.

Christine M. Curley christinecurley@earthlink.net
William M. Kolb bill@kolblaw.com
John G. Earle jearle@bselaw.com

*/s/ Marc DeSisto*

_______________________________

Marc DeSisto