UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Raymond W. Cahoon, Jr. et al<br>Plaintiffs | : | |
| v. | : | C.A. No.: 07-008L |
| Oscar Shelton, et al<br>Defendants | : | |

**PLAINTIFFS' RULE 56 (a) STATEMENT OF DISPUTED FACTS IN SUPPORT OF THEIR OBJECTION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Rule 56 (a) (3) of the Local Rules of this Court, Plaintiffs set forth below the following statement of disputed facts in response to Defendants' Statement of Undisputed Facts in Support of Their Motion for Partial Summary Judgment.

The below statements correspond to the numbers of Defendants' Statement of Undisputed Facts.

1. Denied. The December 11, 2003 letter from Oscar Shelton was not made "in accordance with" the Supreme Court's decision of *Elliott v. Warren*, as there is no evidence that he consulted with legal counsel or otherwise obtained a legal opinion prior to sending the letter instituting a new policy for the City. To the contrary, the letter was sent as a result of Oscar Shelton's own opinion of the meaning of *Elliott v. Warren*, which was subsequently ratified by the Board and the City by their inaction. *See* Agreed Statement of Facts ¶ 18-19.

7. Denied. This is not a statement of fact, but a mixed issue of law and fact to be determined by the Court.

8. Denied. Whether or not the Plaintiffs have similar interests to those pursued by the Warwick Retired Police and Fire Fighters Association, and whether or not they were adequately represented in the prior state action of *Hagenberg v. Avedesian*, is a question of fact that cannot be resolved by summary judgment.

9. Denied. The claims in both suits are not identical. Further, whether or not the Plaintiffs in both cases shared the same incentive to litigate is a question of fact that cannot be resolved by summary judgment.

10. Denied. Plaintiffs did not pursue a hearing before the Board before filing suit because the offer for a hearing was an empty gesture that would have been futile if pursued.

In addition, pursuant to Rule 56 (a) (4) of the Local Rules of this Court, Plaintiffs set forth below the following statement of disputed facts in support of their Objection to Defendants' Motion for Partial Summary Judgment.

1. When Oscar Shelton issued his letter dated December 11, 2003, neither the Board nor the City offered any of the Plaintiffs an opportunity for a hearing prior to the new policy's effective date of January 1, 2004. *See* Agreed Statement of Facts ¶ 28.

2. At the time the offer for an administrative hearing before the Board was made in December 2006, the Board and its counsel were well aware that none of the Plaintiffs had a specific letter from the Board regarding medical benefits, as did Albert Hagenberg in his case, as these documents, had they existed, would have been in the possession of the Board and/or the City. *See* Affidavit of Albert Hagenberg.

3. There is no provision in the bylaws of the Warwick Police and Fire Fighters Association (the "Association") that permits the Association to bring suit on behalf of its members. *See* Exhibit 1 attached to the Affidavit of Albert Hagenberg.

4. Plaintiffs, as individual members of the Association, were not sent notices that the case of *Hagenberg v. Avedesian* would be filed by Albert Hagenberg on behalf of the Association prior to suit being filed. *See* Affidavit of Albert Hagenberg.

5. Plaintiffs, as individual members of the Association, did not vote on the decision to file *Hagenberg v. Avedesian* on behalf of the Association prior to suit being filed. *See* Affidavit of Albert Hagenberg.

6. Plaintiffs, as individual members of the Association, were not given the opportunity to opt out of the case of *Hagenberg v. Avedesian*. *See* Affidavit of Albert Hagenberg.

7. Plaintiffs, as individual members of the Association, were not asked to fund the case of *Hagenberg v. Avedesian*. *See* Affidavit of Albert Hagenberg.

8. Plaintiffs, as individual members of the Association, had no control over the conduct of the litigation in the case of *Hagenberg v. Avedesian*. *See* Affidavit of Albert Hagenberg.

9. The case of *Hagenberg v. Avedisian* did not present or litigate the individual claims of the Plaintiffs or any other members of the Association apart from Albert Hagenberg. *See* Affidavit of Albert Hagenberg.

10. No other individual members of the Association, apart from Albert Hagenberg, had received a letter from the Warwick Board of Public Safety expressly approving the continuation of injured on duty medical benefits pursuant to R.I. Gen. Laws § 45-19-1. *See* Affidavit of Albert Hagenberg.

Plaintiffs,

By their Attorneys,

/s/ William M. Kolb
William M. Kolb, #3664
Law Offices of William M. Kolb, LLC
One Ship Street
Providence, RI 02903
401-490-8297
401-490-8299 (fax)

/s/ Christine M. Curley
Christine M. Curley #4529
275 Beacon Drive
North Kingstown, RI 02852
(401) 294-0847
(401) 294-0849 (fax)

**CERTIFICATION**

I hereby certify that the foregoing Plaintiffs' Rule 56 (a) Statement of Disputed Facts in Support of Their Objection to Defendants' Motion for Partial Summary Judgment was filed electronically with the United States District Court for the District of Rhode Island and is available for viewing and downloading from the Electronic Case Filing system. The following attorney received service by electronic means on this 2nd day of August 2007:

Marc DeSisto, Esq.
DESISTO LAW
211 Angell Street
P.O.Box 2563
Providence, RI 02906-2563
marc@desistolaw.com

John G. Earle, Esq.
BRESLIN, SWEENEY & EARLE, LLP
222 Jefferson Boulevard, Suite 300
Warwick, RI 02888
jearle@bselaw.com

/s/ William M. Kolb