UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Raymond W. Cahoon, Jr. et al<br>Plaintiffs | : | |
| v. | : | C.A. #: 07-008ML |
| Oscar Shelton, et al<br>Defendants | : | |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT**
**AND FOR RECONSIDERATION**

Plaintiffs hereby move pursuant to Rule 59 (e) of the Federal Rules of Civil Procedure, that this Court reconsider its entry of judgment against the Plaintiffs entered on January 4, 2008 and, in particular, reconsider and vacate its grant of summary judgment in favor of the Defendants on Count III (Estoppel) and Count IV (Civil Rights Violation - 42 U.S.C. § 1983) on the grounds that there are genuine issues of material fact precluding summary judgment at this stage of the proceedings, as no discovery has been conducted between the parties; and that with respect to Count I (Declaratory Judgment) the Court erred in concluding that the entirety of R.I.Gen. Laws § 45-19-1 was preempted by the Warwick Ordinances providing for disability retirement, thereby precluding consideration of the scope and interpretation of the "recurrence" language in the statute.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In the course of the summary judgment proceedings this Court has already been presented with the facts of this case. Accordingly, Plaintiffs will not restate them in this motion.

However, in order to frame the motion for reconsideration, certain procedural facts must be highlighted.

First, after a pretrial conference with this Court, the parties were ordered to file cross motions for summary judgment to resolve any legal issues that did not involve disputed questions of fact. All discovery was stayed pending resolution of the cross motions for summary judgment. (*See* Pretrial Order entered March 26, 2007). Thus, Plaintiffs were constrained to file their motion for summary judgment based upon only those documents and records in their possession and did not have ***any*** opportunity to obtain any documents or information from the Defendants in this action.

Second, Defendants never moved for summary judgment on Plaintiffs' estoppel claim. In fact, in their Motion for Partial Summary Judgment, Defendants noted "Although Defendants' believe that Plaintiffs' promissory estoppel claim (Count III) will likewise be ripe for summary disposition, in light of the lack of discovery in this matter, defendants are unable in good conscience to submit a statement of undisputed facts on this issue at this juncture." (Defendants' Motion, p. 1, n.1) Significantly, Defendants could not positively state, as an undisputed fact, that the Warwick Board of Public Safety had not, at some point during the course of the undisputed thirty year history of paying full medical expenses for IOD injuries post retirement, officially approved this policy and practice. Instead, Defendants were limited in their Objection to stating merely that Plaintiffs were not able to "cite to a specific act of the Board wherein they passed a motion or took any legislative act finding that the plaintiffs were entitled to full medical payments post retirement." (Defendants' Objection, p. 17). Defendants could not represent to this Court that there was ***no*** specific act or legislative act by the Board that initiated this long-standing policy regarding payment of full medical expenses for IOD injuries post retirement.[1]

[1] Although proving the existence of Board action is ultimately Plaintiff's burden, the question of how the policy and practice was put into effect is a genuine issue of material fact which cannot be resolved in the absence of discovery.

Accordingly, Plaintiffs were not on notice that, at the summary judgment hearing, Defendants' could be granted summary judgment on the estoppel claim. To the contrary, Plaintiffs were only on notice that should the Court decline to adopt their argument that the City's policy and practice for over thirty years warranted invoking the doctrine of estoppel, their motion would be denied and they would have the opportunity through discovery to request additional documentation from Defendants on this issue.[2] This documentation would necessarily be in the possession of the Defendants, not the Plaintiffs, at this early stage of the litigation.

Third, as a result of Defendants' position that they were not moving for summary judgment on the estoppel claims, Plaintiffs' objection to Defendants' Motion for Partial Summary Judgment did not address the estoppel claims at all. Thus, Plaintiff did not have a full and fair opportunity to elaborate upon the legal and factual issues upon which the Court's *sua sponte* grant of summary judgment was based.

**STANDARD OF REVIEW**

Plaintiffs' motion for reconsideration is filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See Nat'l Metal Finishing Co. v. Barclays American/Commercial, Inc.*, 899 F.2d 119, 122 (1st Cir.1990) ("Circuit precedent suggests that challenges to the correctness of a judgment are properly construed as motions under Rule 59(e)."). It is appropriate for a court to grant a motion to reconsider: "1) where the court made a manifest error of fact or law; 2) where there is newly discovered evidence; or 3) where there has been a change in the law." *Murphy v. Maine*, 2007 WL 1846777 (D.R.I. 2007) (citing to *McLaughlin v. Unum Life Ins. Co. of America*, 212 F.R.D. 40, 41 (D.Me.2002).

---

[2]For this reason, Plaintiffs did not request discovery pursuant to Fed. R.Civ. Proc. 56 (f); since discovery had been stayed by the Pretrial Order, Plaintiffs reasonably anticipated that the case would proceed in the ordinary course if

A district court has broad discretion in deciding a motion under Rule 59(e). *United States v. Land at 5 Bell Rock Rd*., 896 F.2d 605, 611 (1st Cir.1990). To show manifest error of law or fact, the moving party must demonstrate a substantial reason the court is in error. *See DeSenne v. Jamestown Boat Yard, Inc*., 781 F.Supp. 866 (D.R.I. 1991).

In this case, Plaintiffs contend that this Court erred as a matter of law in granting summary judgment on their estoppel claims to the Defendants *sua sponte*, as Plaintiffs neither had the opportunity to conduct discovery or fair notice that summary judgment could be granted against them. Plaintiffs also contend that this Court erred in granting summary judgment with respect to their due process claims. In addition, Plaintiffs contend that the Court erred in finding that R.I.Gen. Laws § 45-19-1 was completely preempted by the Warwick Ordinances.

## LEGAL ARGUMENT

### I. The District Court Erred in *Sua Sponte* Granting Defendants' Summary Judgment on the Plaintiffs' Estoppel Claims

It is well established that a district court can enter summary judgment even though none of the parties asks for it. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Nevertheless, given the potential for unfairness lurking in this approach, the First Circuit has ruled it out-of-bounds unless two separate conditions obtain. *See Berkovitz v. Home Box Office, Inc.*, 89 F.3d 24, 29 (1st Cir.1996). First, the discovery process "must be sufficiently advanced that the parties have enjoyed a reasonable opportunity to glean the material facts." *Id*. Second, the district court must provide "the targeted party appropriate notice and a chance to present its evidence on the essential elements of the claim or defense." *Id*.

The First Circuit has cautioned:

> A district court has power to order summary judgment *sua sponte*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986);

their motion for summary judgment was denied.

> *National Expositions, Inc. v. Crowley Maritime Corp.*, 824 F.2d 131, 133-34 (1st Cir.1987), but that power should be exercised sparingly. Courts that yearn for the blossom when only the bud is ready act at their peril; proceeding with unnecessary haste frequently results in more leisurely repentance. Consequently, we have too often in the recent past been forced to vacate *sua sponte* summary judgments. *See, e.g., Donate-Romero v. Colorado*, 856 F.2d 384, 386-87 (1st Cir.1988); *Bonilla v. Nazario*, 843 F.2d 34, 37 (1st Cir.1988); *Morales v. Arias*, 834 F.2d 255, 257 (1st Cir.1987); *see also PNH Corp. v. Hullquist Corp.*, 843 F.2d 586 (1st Cir.1988) (reversing *sua sponte* dismissal of cross-claims).
>
> For *sua sponte* summary judgment to be a viable option, discovery in the case must be sufficiently advanced and the party against whom judgment was ordered must have been on notice to bring forth all of its evidence on the essential elements of the critical claim or defense. *See Celotex*, 477 U.S. at 326, 106 S.Ct. at 2554; *National Expositions*, 824 F.2d at 133-34. “Notice” in this context means that the losing party had reason to believe the court might reach the issue and received a fair opportunity to put its best foot forward. Doubts on this score should be resolved in the loser's favor; “great care must be exercised to assure that the [unsuccessful party] has had an adequate opportunity to show that there is a genuine issue and that his opponent is not entitled to judgment as a matter of law.” 10A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure, § 2720 at 34 (1983). It is only after these preconditions have been met that the court can proceed to ascertain fairly whether a genuine issue of material fact does or does not exist.

*Jardines Bacata, Ltd. v. Diaz-Marquez*, 878 F.2d 1555 (1st Cir. 1989). Where the district court’s *sua sponte* ruling takes the parties by surprise, summary judgment is not permitted. *Penobscot Indian Nations v. Key Bank of Maine*, 112 F.3d 538, 562 (1st Cir. 1997) (reversing summary judgment where the losing party did not have meaningful opportunity to cull and present evidence, together with developed legal argumentation, in opposition to the entry of summary judgment.)

In this case, the parties did not engage in ***any*** discovery whatsoever. Plaintiffs did not “enjoy ample opportunity to put forth evidence and make their case.” (Memorandum and Order, p. 23). Whether or not the Board approved the policy and practice to pay full medical benefits to disability retirees who sustained an injury on duty is clearly a question of fact. It was inappropriate and constituted legal error at this preliminary stage of the proceedings for this

Court to determine that the policy and practice of payment of medical expenses by the City through the Personnel Department or the Finance Department over the years ***was not*** duly authorized by the Board ***at its inception***. The only evidence Plaintiffs had at this stage was documents and information in their possession. Plaintiffs had no opportunity to gather any documents or information from the Defendants with respect to these factual issues. Accordingly, the first condition for the entry of a *sua sponte* summary judgment was not met.

The second condition was also not met, in that Plaintiffs had no notice at this early stage of the proceedings, before discovery, that summary judgment could be entered against them on their estoppel claims. As set forth above, Defendants had conceded that there were factual issues that precluded entry of summary judgment on the estoppel claims. Thus, Plaintiffs did not have notice "that the lack of decision or promise from the Board could lead to the dismissal of their claims." (Memorandum and Order, p. 23) Consequently, Plaintiffs did not have a meaningful opportunity to fully and completely address the legal and factual issues raised by the Court at the summary judgment hearing.

For these reasons, Plaintiffs request that this Court reconsider and vacate the entry of summary judgment with respect to Count III and Count IV of Plaintiffs' Complaint, and order that this case proceed to discovery, to give Plaintiffs a full and fair opportunity to gather evidence pertaining to Board action with respect to the payment of full medical expenses post retirement.

**II. As a Matter of Law, the District Court Erred in Granting Defendants' Summary Judgment on the Plaintiffs' Estoppel Claims and Due Process Claims Because the Court Improperly Determined Questions of Fact.**

The function of a judge facing a motion for summary judgment is not to make findings of fact, but rather, to determine whether there are genuine issues of material fact remaining for trial.

When ruling on a motion for summary judgment, there is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, no room for the judge to superimpose his own ideas of probability and likelihood." *McConaghy v. Sequa Corp.*, 294 F.Supp.2d 151(D.R.I. 2003) (citing to *Greenburg v. Puerto Rico Maritime Shipping Auth.*, 835 F.2d 932, 936 (1st Cir.1987).

In its Memorandum and Order, this Court concluded: "Instead, the City of Warwick's reimbursement of full medical expenses through 2003 ***appears*** to have been a mistake on the part of the Warwick public agency responsible for disbursement." (Memorandum and Order, p. 20) (Emphasis added.) However, Defendants offered no proof of this purported fact, but instead relied on the absence of evidence on the part of the Plaintiffs, despite the fact that Plaintiffs had no opportunity for discovery. It was a manifest error for this Court to make this factual determination at the summary judgment stage.

It must be emphasized that in *Hagenberg v. Avedesian*, 879 A.2d 436, 442-443 (R.I.2005), the Rhode Island Supreme Court ruled that the Board at all times possessed the authority to grant full medical benefits post retirement, separate and apart from R.I.Gen. Laws § 45-19-1. *Id* at 443. Significantly, in *Hagenberg*, the Court rejected Defendants' contention that the granting of full medical benefits post retirement was an ultra vires act because it was based upon a misinterpretation of § 45-19-1. *Id*. Thus, if the policy to pay full medical payments post retirement was in fact authorized by the Board at its inception, it would not be an *ultra vires* act.[3]

The factual issue which Plaintiffs were entitled to explore through discovery, and which this Court should not have determined, is whether the Personnel Department or Finance

---

[3] Indeed, this Court implicitly acknowledged this fact by negative implication stating: "If the Board did not approve these payments, then the actions on the part of the paying entities were *ultra vires*." (Memorandum, p. 22). Conversely, it must be concluded, if the Board ***did*** approve these payments, the actions on the part of the paying entities were not *ultra vires*.

Department was authorized by the Board to pay full medical benefits to IOD disability retirees, which, based on the undisputed facts, included the Plaintiffs in this proceeding. This information could not be obtained by the Plaintiffs in the absence of discovery in this case.

In addition, at the summary judgment hearing, Plaintiffs were appraised, for the first time, that the Court was rejecting their contention that the long-standing policy and practice of the City of paying full medical could be a valid basis for an estoppel claim. However, under Rhode Island law, a municipality may in fact be estopped from changing its position on an issue, by engaging in a course of conduct for an extended period of time. *See Gallucci v. Brindamour*, 477 A.2d 617 (R.I. 1984) (past conduct of authorized parties in excluding chief of police from collective bargaining unit was binding on town); *Town of Glocester v. Olivio's Mobile Home Court, Inc.*, 300 A.2d 465 (R.I. 1973) (town's acceptance of license fees for years estopped it from claiming use was illegal) *Rotella v. McGovern*, 288 A.2d 258 (R.I. 1972) (city estopped from raising as a defense to action for negligence maintenance of sewer, conduct of which it had constructive knowledge and made no protest for 11 years, namely collection of taxes for maintenance of the system ). A municipality may also be estopped by its silence where circumstances require to avoid reliance to another's detriment. *See Schiavulli v. School Committee of Town of North Providence*, 334 A.2d 416, 114 R.I. 443 (1975). Here, the long-standing course of conduct by the City was payment of full IOD medical expenses to retirees, clearly meeting the first element of an estoppel claim.

Consequently, despite the present lack of specific correspondence with each of these particular Plaintiffs, if the City's policy to pay full medical benefits to retirees was at some point authorized by the Board, by a vote or other Board action, this action would provide a basis for both Plaintiffs' estoppel claims and claims to vested property rights. In this regard, this Court

recognized "Defendants succeed in their motion for summary judgment on the constitutional due process claim unless Plaintiffs can show that the Board authorized payment of 100% of medical benefits." (Memorandum and Order, p. 23)

Accordingly, with respect to Plaintiffs' civil rights claims, if, after discovery, Plaintiffs establish that the practice and policy of paying full medical payments to disability retirees was authorized by the Board, Plaintiffs, as disability retirees, had a clear property right in those benefits subject to due process protections under the federal civil rights act.

The federal civil rights act, 42 U.S.C. § 1983, provides a remedy for the deprivation of constitutional rights when that deprivation takes place under color of any statute, ordinance, regulation, custom or usage of a state. An actionable Section 1983 claim must allege facts sufficient to support a determination that (1) the conduct complained of has been committed by a person acting under "color of state law" and (2) that the alleged conduct worked a denial of rights secured by the Constitution or laws of the United States. *Rumford Pharmacy v. City of East Providence*, 970 F.2d 996, 999 (1st Cir. 1992). In this context, the revocation of pension rights in violation of City ordinances constitutes a violation of substantive and procedural due process rights. *Ginaitt v. Haronian*, 806 F.Supp. 311 (D.R.I. 1992).

For these reasons, Plaintiffs request that this Court reconsider and vacate the entry of summary judgment with respect to Count III and Count IV of Plaintiffs' Complaint, and order that this case proceed to discovery, to give Plaintiffs a full and fair opportunity to gather evidence pertaining to Board action with respect to the payment of full medical expenses post retirement.

### III. As a Matter of Law, The District Court Erred in Granting Defendants' Summary Judgment on Count I of Plaintiffs' Complaint.

It is respectfully submitted that the Court's conclusion that the entirety of R.I.Gen. Laws § 45-19-1 is preempted by Warwick disability retirement scheme including the "recurrence" language in the second sentence was in error. (Memorandum and Order, p. 16-17). This statutory construction effectively renders the language that cities "shall pay all similar expenses incurred by a member ***who has been placed on a disability pension*** and suffers a recurrence of the injury or illness ***that dictated his or her disability retirement***" a nullity and accordingly cannot stand. *Brennan v. Kirby*, 529 A.2d 633, 637 (R.I. 1987) (statute should not be construed to render sentence mere surplusage.)

Moreover, if this statutory interpretation was correct, the Rhode Island Supreme Court could have made this ruling in *Hagenberg v. Avedesian*. The Plaintiff in *Hagenberg* was a former police officer receiving disability retirement from the City of Warwick. It would have been a simple matter for the Rhode Island Supreme Court to conclude that the recurrence language in the statute was inapplicable based upon this fact alone. Instead, the Rhode Island Supreme Court specifically observed that "the IOD statute provides for reimbursement of medical expenses ***to retired officers*** in limited and specific circumstances." 879 A.2d at 443. (Emphasis added.) The desire expressed by the Rhode Island Supreme Court to reserve the statutory interpretation of "recurrence" for another day forestalls the propriety of this Court's preemption finding.

Accordingly, Plaintiffs request that this Court reconsider and alter its judgment with respect to Count I, to the extent that it renders the recurrence language of R.I.Gen. Laws § 45-19-1 inapplicable to former employees receiving disability retirement.

## CONCLUSION

For the forgoing reasons, Plaintiffs request that their motion pursuant to Rule 59 (e) of the Federal Rules of Civil Procedure be granted in all respects and that this Court reconsider and vacate its entry of Judgment against the Plaintiffs on Count III (Estoppel) and Count IV (Civil Rights Violation - 42 U.S.C. § 1983); and vacate and alter its Judgment with respect to Count I (Declaratory Judgment) to the extent it concluded that the entirety of R.I.Gen. Laws § 45-19-1 was preempted by the Warwick Ordinances providing for disability retirement, thereby precluding consideration of the scope and interpretation of the "recurrence" language in the statute.

Plaintiffs,
By their Attorneys,

/s/ William M. Kolb
William M. Kolb, #3664
Law Offices of William M. Kolb, LLC
One Ship Street
Providence, RI 02903
401-490-8297
401-490-8299 (fax)

/s/ Christine Curley
Christine M. Curley #4529
275 Beacon Drive
North Kingstown, RI 02852
(401) 294-0847
(401) 294-0849 (fax)

**CERTIFICATION**

I hereby certify that the foregoing *MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT AND FOR RECONSIDERATION* was filed electronically with the United States District Court for the District of Rhode Island and is available for viewing and downloading from the Electronic Case Filing system. The following attorneys received service by electronic means on this 18 day of January 2008:

Marc DeSisto, Esq.
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
marc@desistolaw.com

John G. Earle, Esq.
BRESLIN, SWEENEY & EARLE, LLP
222 Jefferson Boulevard, Suite 300
Warwick, RI 02888
jearle@bselaw.com

/s/ William M. Kolb