UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RAYMOND W. CAHOON, JR., et al.<br>*Plaintiffs,*<br>vs.<br>OSCAR SHELTON, et al.,<br>*Defendants.* | C.A. No. 07-008 ML |

**DEFENDANTS' OBJECTION TO THE PLAINTIFFS' MOTION TO ALTER OR AMEND THE JUDGMENT AND FOR RECONDSIDERATION**

Now come the defendants and object to the plaintiffs' motion to alter or amend the judgment and for reconsideration. Defendants rely on their memorandum of law attached and incorporated herein.

Defendants,

Oscar Shelton, Scott Avedisian, David C. Olsen, Diana Pearson, City of Warwick, Warwick Board of Public Safety, Leslie Waleska Baxter, Marshall Martin, Joseph Spinale and Michael Ryan,

By their attorney,

*/s/ Marc DeSisto*

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 fax
marc@desistolaw.com

CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on this 1st day of February, 2008, and is available for viewing and downloading from the ECF system. Service on the counsel of record, as listed below, will be effectuated by electronic means.

| | |
|---|---|
| Christine M. Curley | christinecurley@earthlink.net |
| William M. Kolb | bill@kolblaw.com |
| John G. Earle | jearle@bselaw.com |

*/s/ Marc DeSisto*

Marc DeSisto

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RAYMOND W. CAHOON, JR., et al.<br>*Plaintiffs,*<br>vs.<br>OSCAR SHELTON, et al.,<br>*Defendants.* | C.A. No. 07-008 ML |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OBJECTION TO THE PLAINTIFFS' MOTION TO ALTER OR AMEND THE JUDGMENT AND FOR RECONDSIDERATION**

## I. INTRODUCTION

On January 4, 2008, judgment entered for the defendants on all counts against all plaintiffs. Plaintiffs now seek a reversal of that portion of the judgment that relates to Count I (Declaratory Judgment), Count III (Estoppel) and Count IV (Civil Right's Violation). As explained below, defendants object to plaintiffs' motion.[1]

## II. BACKGROUND FACTS

The background facts have already been summarized by this Court in its decision of January 4, 2008 and will not be repeated, herein. However, defendants must respond to some of the contentions set forth in the factual background contained in the plaintiffs' memorandum.

Plaintiffs state that "Significantly, defendants could not positively state, as an undisputed fact, that the Warwick Board of Public Safety has not, at some point during

[1] Defendants are mindful that the plaintiffs have filed a notice of appeal in the First Circuit which may render this motion for reconsideration jurisdictionally invalid. However, out of an abundance of caution, defendants submit this response.

the course of the undisputed 30 year history of paying full medical expenses for IOD injuries post retirement, officially approved this policy and practice." *(See Pg. 2 of plaintiffs' memorandum).*

In fact, in paragraph 3 of defendants' statement of disputed facts in support of their objection to the plaintiffs' motion for summary judgment, defendants stated that they:

> "specifically dispute plaintiffs' unsupported contention that the Board of Public Safety either granted these individual plaintiffs the right to collect 100% of their medical expenses post retirement or otherwise made a "promise" that they would receive the same. Plaintiffs failure to provide any affirmative evidence to support this contention can only lead to the conclusion that they were never granted or promised such benefits by the Board."

In their memo, plaintiffs imply that discovery may reveal some documentation that the City officially approved a policy and practice of paying full medical expenses for IOD injuries post retirement. Plaintiffs state in their memorandum that "this documentation would necessarily be in the possession of defendants, not the plaintiffs at this early stage of the litigation." Defendants submit that this is an invalid assumption. Any official documentation would be in the possession of both parties. Certainly, the City is not aware of any such material. However, the City's treatment of the issue as an open question ended when counsel for the plaintiffs conceded at the hearing that the plaintiffs were not in possession of any material which would demonstrate a specific act or legislative act officially sanctioning the payment of full medical expenses.

## III. STANDARD OF REVIEW

There are three alternate criteria for granting a motion to amend the judgment. The Court must determine whether there is "1) an intervening change in the controlling law; 2) the availability of new evidence not available, previously; or 3) the need to

correct a clear error of law or to prevent manifest injustice. Aginomoto Company, Inc. v. Archer-Daniel-Midland Company, *228 F.3d 1338, 1350 (3rd Cir. 2000)*. Here, the plaintiffs have the heavy burden of demonstrating that this Court's decision is worthy of reconsideration and the partial vacating of the judgment because of a clear error of law or manifest injustice.

**IV. ARGUMENT**

*A. It was not clear error of law or a manifest injustice to dismiss Count III*

The defendants submit that the Court was well within its bounds when it ruled against the plaintiffs on the count of Estoppel (Count III). As set forth in National Expeditions, Inc. v. Crowley Maritime Corp., *824 F.2d 131, 133 (1st Cir. 1987)*, a "District Court has the legal power to render summary judgment in favor of the party opposing a summary judgment motion even though he has made no formal cross motion under Rule 56." (Internal quotations omitted). The plaintiffs complain that they were not given appropriate notice or a chance to present their evidence on the essential elements of the claim. However, as the Court's decision correctly points out, the plaintiffs had both notice and an opportunity to present their evidence because the issues in Count III were interrelated to the other counts for which the plaintiffs moved for summary judgment and then responded to the defendants' motion for summary judgment.

Specifically, plaintiffs were on notice by reason of the established law that once they moved for judgment on this count, judgment, could none the less be ruled against them. Similarly, the plaintiffs had more than a fair chance to present their evidence of the essential elements of the estoppel claim because the issue concerning an official sanctioning of the policy and practice to pay full medical benefits was the subject of

defendants' cross motion for summary judgment concerning the counts involving ultra vires and Constitutional Due Process.

As the Court points out, the plaintiffs were unable to raise a material issue of fact to withstand the defendants' motion for summary judgment on both of these issues. In addition, as stated, counsel for the plaintiffs conceded at the hearing that the plaintiffs were not in possession of any evidence in this regard.

For these reasons, the plaintiffs' motion for reconsideration and to vacate the dismissal of Count III should be denied.

*B. The Court correctly ruled in favor of the defendants on Counts III and IV*

Plaintiffs make a second attempt at reconsideration of the estoppel claim set forth in Count III and include the civil right's claims set forth in Count IV. Again, plaintiffs rely on an argument that discovery may reveal some documentation that the Board of Public Safety officially authorized the practice of paying full medical payments to disability retirees.

Plaintiffs' argument in this regard fails for the same reason that their previous attempt fails. The plaintiffs have conceded that they do not possess any information to prove this contention. It is inappropriate to suggest that evidence of an official authorization would somehow be kept by the defendants and not be shared with the plaintiffs or the public.

Defendants respectfully request that plaintiffs' motion to reconsider and vacate on these grounds be similarly denied.

*C. It was not a clear error of law or a manifest injustice for the Court to dismiss Count I of the plaintiffs' complaint*

Plaintiffs simply reargue their position regarding Count I of the complaint requesting a declaratory ruling that R.I.G.L. 45-19-1 requires the City to pay 100% of their medical expenses. Without undue elaboration, defendants submit that the Court's reasoning is correct and that the plaintiffs have not added anything new to the arguments already made.

Consequently, defendants respectfully request that the Court deny the plaintiffs' motion for reconsideration and the request to vacate the dismissal of Count I of the plaintiffs' complaint.

## V. CONCLUSION

For the following reasons, defendants respectfully request that the plaintiffs' motion to alter or amend the judgment and for reconsideration be denied.

Defendants,

Oscar Shelton, Scott Avedisian,
David C. Olsen, Diana Pearson,
City of Warwick, Warwick Board
of Public Safety, Leslie Waleska
Baxter, Marshall Martin, Joseph
Spinale and Michael Ryan,

By their attorney,

*/s/ Marc DeSisto*

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 fax
marc@desistolaw.com

CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on this 1st day of February, 2008, and is available for viewing and downloading from the ECF system. Service on the counsel of record, as listed below, will be effectuated by electronic means.

| | |
|---|---|
| Christine M. Curley | christinecurley@earthlink.net |
| William M. Kolb | bill@kolblaw.com |
| John G. Earle | jearle@bselaw.com |

*/s/ Marc DeSisto*

Marc DeSisto